## WALKER v. MILLS et al.

No. 26405.    March 22, 1938.

Rehearing Denied April 26, 1938.

W. L. Cheatham and Lloyd L. Smith, for plaintiff in error.

Johnson & Jones, for defendants in error E. A. Mills, H. T. Lamons, and the Mills-Frierson Cotton Oil Company.

C. J. Davenport and L. K. Pounders, for defendant in error R. A. Krumme.

HURST, J.  This is an action to recover damages for breach of contract. Under the view we take of this case, the following are the material facts: Plaintiff's cause of action is based upon his amended petition, wherein he alleged that for a long time prior to February 21, 1929, he was the owner of a cotton gin at Newby, Okla., and operated under a permit from the Corporation Commission in the name of "Newby Gin Company." It was alleged that on February 21, 1929, the defendants E. A. Mills and H. T. Lamons, together with W. A. Frierson (not a party to this action, being now deceased), entered into a contract with plaintiff, "partly written and partly oral," to purchase plaintiff's premises and business. The parts alleged to be oral do not conflict with the written contract and are not now material. The written contract was attached, and it was there provided that plaintiff execute and deliver to Mills, Frierson, and Lamons a valid warranty deed to the surface rights of three acres of land described therein, and then provided as follows:

"First parties (Mills, Frierson and Lamons) agree to pay to second party (plaintiff) the sum of $2,500, and as a further consideration agree to allow the second party to haul all cotton to Bristow for which they are to pay second party one dollar per bale, and agree to allow the second party to haul cotton seed from said gin to Bristow for which second party is to receive fifteen cents per hundred, same to be paid when hauling is done. Said sum of money above named and contract for hauling to be full consideration for said surface rights to said land. The cotton and seed above mentioned is understood to be all the products from said gin which is to be built and operated by said first parties on said tract of land. * * *

"Second party (plaintiff) further agrees with first party, that he will not build or operate a gin in opposition to said gin of first party, at the town of Newby, said state, as long as first party operate the said gin to be constructed and operated on the premises above mentioned.

"It is further understood and agreed by and between the parties hereto that this agreement shall be binding on the heirs, administrators and assigns hereto."

Plaintiff alleged that the cash consideration was paid, and the deed delivered as agreed, and that in October, 1929, Mills, Frierson, and Lamons conveyed the property to defendant Mills-Frierson Cotton Oil Company. It was alleged that the contract was fully performed by all the parties until September 1, 1933, when the defendant company purportedly sold the premises to defendant Krumme, who claimed to be the owner by an unrecorded deed, and at which time the defendants refused plaintiff the right to haul cotton or cotton seed and advised him that they were no longer so obligated. Plaintiff further alleged that the sale to Krumme was a mere sham and a fraud and that the company was still the owner of the mill, and that Krumme and the company conspired and connived to breach the contract. Plaintiff set out the amount of cotton and cotton seed he had hauled during the four years prior to the conveyance to Krumme, and claimed that his damage by breach of the contract has been $75,000, for which he prays judgment.

The trial court rendered judgment on the pleadings in favor of the defendants Mills, Lamons, and Krumme. The motion of Mills-Frierson Cotton Oil Company for judgment on the pleadings was overruled and the case proceeded to trial as to said defendant. At the close of plaintiff's evidence the court sustained defendant's demurrer to the evidence. Plaintiff brings this appeal.

Plaintiff contends that the contract is valid and not void as against public policy, and that "if the contract is a good, binding, and valid contract, then the petition states a cause of action and the judgment should be reversed." He contends: That Mills, Frierson, and Lamons individually are bound, and an assignment did not relieve them of liability; that Mills-Frierson Cotton Oil Company, having accepted the benefits of the contract, are bound; that Krumme, having purchased the physical property with knowledge and having accepted the benefits, is bound. Plaintiff concedes in his brief that the contract does not create a covenant running with the land. He says: "This action was for the breach of the personal obligations of a personal contract and one not running with the land."

■ The first question to determine is: What are the obligations imposed by the contract? It is to be noted that the contract does not specifically provide how long plaintiff shall have the right to haul. Defendants contend that where a contract does not fix its duration it is terminable at will. They cite Foster v. Atlas Life Ins. Co. (1931) 154 Okla. 30, 6 P.2d 805, and cases from other jurisdictions. Plaintiff, however, takes the position that the construction intended by the parties was that the obligation to allow him to haul terminated when the makers of the contract or their assigns ceased to operate a gin at Newby. This is the construction adopted by the trial court. We think the contract must be given this interpretation. Thus it was held that Mills, Frierson, and Lamons were obligated under the terms of the contract as long as they remain in the gin business at Newby, but not after they sold the premises and no longer operated the gin. The court took the position that Krumme did not recognize the contract to haul, nor assume any responsibility under it, and was therefore not obligated. Upon this theory the trial court sustained their motions for judgment on the pleadings. But the court overlooked the fact that plaintiff alleged that the contract was assigned to Krumme. It is well established that a motion for judgment on the pleadings is in substance both a motion and a demurrer. Like a motion, it is an application for an order for judgment. Like a demurrer, it admits the truth of all well-pleaded facts in the pleadings of the opposing party, and attacks the sufficiency of such pleadings. Orchid Shoppe v. Sherwood Shoe Co. (1936) 178 Okla. 177, 63 P.2d 739, and cases therein cited. Thus, for the purpose of the motions for judgment on the pleadings, we must assume that the contract was assigned along with the convey-

ance of the premises. It is stated as a general rule that "a party to a contract may not, unless authorized by the other party, either in the contract itself or otherwise, so assign the contract as to escape liability for the performance of the acts or duties imposed upon him by its terms," but the assignor remains liable to the other party for the proper performance by his assignee. 5 C. J. 878, sec. 45; 4 Am. Jur. 311, sec. 103. Therefore, the original makers and the company, as assignors, and Krumme, as assignee, are obligated under the terms of the contract to allow plaintiff to haul as agreed so long as Krumme, the assignee, operates the gin at Newby. Plaintiff alleged that during the ginning season commencing about September 1, 1933, plaintiff tendered his services and offered to haul cotton and cotton seed, but that the defendants and each of them refused him the right to haul. It thus appears that under the theory of the trial court, conceding the validity of the contract, the court erred in sustaining the motions of defendants Mills, Lamons, and Krumme for judgment on the pleadings.

■ But the court did not err in sustaining the demurrer of the defendant company to plaintiff's evidence, and it appears from the evidence introduced at the trial that the error of the court in sustaining the motions of the other defendants for judgment on the pleadings was harmless. Plaintiff wholly failed to prove an assignment of the contract to Krumme, and, in fact, made no attempt to do so. Plaintiff at one point testified that Krumme told him he had no contract, but knew something about it. The deed from the company to Krumme was admitted in evidence, and it makes no mention of the contract. Prior to the sale to Krumme there is no complaint that the contract was not fully complied with. When the property was sold, the defendants Mills, Lamons, and the company ceased to operate the gin and the contract by its terms had thereby terminated. These defendants were then under no obligation under the contract, and therefore their refusal to allow plaintiff to haul was not a breach of the contract. It therefore appears, from the evidence introduced at the trial, and the failure on part of plaintiff to prove an assignment of the contract to Krumme, that plaintiff could not prevail, had the court overruled the motions of the defendants Mills, Lamons, and Krumme for judgment on the pleadings. It cannot be said that different issues or additional evidence might be presented upon the trial as to these defendants, because, as pointed out, proof of an assignment of the contract to Krumme is also necessary to establish the liability of the company, and upon the trial as to the company, plaintiff failed to adduce such proof. Under these circumstances, plaintiff was not prejudiced by the order of the court sustaining the motions for judgment on the pleadings, and the cause will not be reversed because of such error. Section 252, O. S. 1931 (12 Okla. St. Ann. sec. 78); section 3206, O. S. 1931 (22 Okla. St. Ann. sec. 1068); Conservative Loan Co. v. Sarkey (1923) 92 Okla. 257, 219 P. 107.

■ Plaintiff further contends that he has stated a cause of action on the grounds of conspiracy in that he alleged that the defendant Krumme conspired and connived with the defendant corporation and its officers and agents to breach the contract. Plaintiff alleged that the sale to Krumme was a sham and a fraud and that the company remained the owner of the mill. But at the trial he introduced no evidence to establish these allegations. There is no evidence tending to show that the company or Mills and Lamons continued to operate the mill after the conveyance, nor is there any evidence tending to show any unlawful interference with the contract. The act complained of as the subject of the conspiracy is the sale of the premises to Krumme. As above pointed out, this was not a breach of the contract, but rather a termination. In Shaw v. Cross (1921) 83 Okla. 273, 201 P. 811, it is held that "there can be no malice or conspiracy where the acts complained of are lawful and the means employed in doing the acts are lawful."

Had defendant Krumme remained a party at the trial, plaintiff could not prevail as to him. The issue in this regard as to the liability of Krumme and the company is identical. The error of the court in sustaining defendant Krumme's motion for judgment on the pleadings as regards the alleged conspiracy is, therefore, harmless error. Section 252, O. S. 1931.

The defendants advance several propositions in support of their contention that the contract is void for want of mutuality and as against public policy, but under our view of the case, following the theory of the trial court, the judgment must be affirmed, and it is unnecessary to discuss the other propositions urged.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, CORN. and GIBSON, JJ., concur.