HIGGINS, Justice.
 

 The Delta Drilling Company, the owner of an undivided one-half interest in an oil, gas and mineral lease covering lots 13, 14 and 15 of Block 13 of the Town of Rodessa, Caddo Parish, Louisiana, petitioned the court for a partition by licitation of the lease, there being one producing well on the property developed thereunder.
 

 
 *410
 
 The defendants, the Oil Finance Corporation and the J. Edward Jones Petroleum Corporation, owners of an undivided five-sixteenths interest and an undivided one-tenth interest, respectively, in the lease, filed a plea of estoppel based upon a contract entered into between ' the Delta Drilling Company and the J. Edward Jones Petroleum Corporation, dated December 28, 1935, at which time the Jones Petroleum Corporation owned an undivided one-half interest in the lease in question, under the terms of which agreement the Jones Petroleum Corporation advanced the Delta Drilling Company the sum of $32,500, for the drilling of the well, which is now producing, the Delta Company obligating itself .to drill the well and in the event it proved to be successful to have the complete and exclusive right to operate it.
 

 Under this plea, the defendants contend that the contract in question is an executory one, requiring the Delta Drilling Company to operate the well, and that to allow a partition of the lease would be in effect permitting the Delta Drilling Company to escape its obligations, which it cannot otherwise do, without being liable in damages to the defendants; and that the contract in question is an agreement not to partition the lease until all of the oil or gas that may be produced thereunder shall have been produced and sold and the proceeds divided.
 

 Counsel for the plaintiff argue that the document upon which the plea of estoppel is based is a mere agreement for the operation of the-well and neither contains. a provision that there shall not be a partition of the lease nor that the parties will hold the property in common or in indivisión for a certain limited time and, therefore, under Article 1289 of the Revised Civil Code, the plaintiff is entitled to have a partition by licitation of the lease.
 

 There was judgment in the district court sustaining the plea of estoppel and the plaintiff has appealed.
 

 The record shows that the Delta Drilling Company and the J. Edward Jones Petroleum Corporation owned an undivided one-half interest each in the oil, gas and mineral lease executed in their favor by John F. Nugent and others- on December 16, 1935. On December 28, 1935, these parties litigant entered into a written contract under which the Delta Drilling Company agreed to drill a well on the land covered by the lease and the Jones Petroleum Corporation bound itself to pay the Drilling Company the sum of $32,500 therefor. In the second paragraph of the agreement it is stipulated that the ownership of the well was to be vested equally in the parties. The contract further provided that the Delta Drilling Company would have complete charge of the operation of the well, and in accordance therewith, since its completion two and one-half years ago, it has continued to have complete and exclusive charge of the operations of the producing well. It was also stipulated that the costs of operating the well were to be borne equally.
 

 Oh April 27, 1936, the Oil Finance Corporation. acquired its five-sixteenths in
 
 *412
 
 terest by assignment from J. Edward Jones Petroleum Corporation subject to the reversion of this interest to the, J. Edward Jones Petroleum Corporation, after 125,000 barrels of oil were produced.
 

 Article 1297 of the Revised Civil Code reads, as follows: “It can not be stipulated that there never shall be a partition of a succession or of a thing held in common. Such a stipulation would be null and of no effect.”
 

 Article 1298 reads: “Nevertheless, the coheirs can agree that there shall not be a partition of the effects of the succession for a certain limited time, and such an agreement will be valid; but it will be assimilated in this case to a contract of partnership between the heirs, and subject to the same rules.”
 

 We have examined the contract of operation, upon which the defendants solely rely, and there is neither a provision therein that there should be no partition of the lease nor any stipulation as t'o the time during which the parties would own the lease or the well in indivisión.
 

 In the case of Connette v. Wright, 149 La. 478, 89 So. 626, 627, the plaintiff instituted suit against the defendant for a partition by licitation of oil and gas leases held in common with the defendant in the proportion of an undivided nine-tenths and one-tenth interest, respectively. Defendant pleaded estoppel, contending that it was not contemplated by the parties that there should be a partition of the leases between them as long as oil was produced from the property covered by the leases and that if a partition by licitation were permitted, the defendant would suffer a great hardship, as he would be forced to sacrifice his interest in the leases and the wells, and that this would be a violation of the purpose and object for which the parties acquired the oil and gas leases. In overruling the plea of estoppel, the court stated:
 

 “Plaintiff alleges and defendant admits that they hold the described property in common, and the law declares that, unless the contrary has been agreed, any one so situated may demand that a division of the ownership be effected by'the action of partition. Plaintiff has brought that action. Has defendant alleged any agreement that there should be no partition, or no partition until all the oil or gas that may be produced under the leases in question shall have been produced and sold and the proceeds divided? We do not find it so. The allegations of the answer, as we interpret them, mean that it was defendant’s idea, or, at most, the idea of both plaintiff and defendant, in acquiring the undivided ownership of the leases in question, that they should share the proceeds of the sale of whatever oil and gas might be found, in the proportions of their respective interests in the leases, so long as they continued to occupy the relations of owners in indivisión. Such an idea, if not understanding, might perhaps be presumed as a natural and legal result of the establishment of such relation; but
 
 it cannot be deduced therefrom that either of them intended to deprive himself of the right to terminate that relation whenever he should find it to his interest to do so.They must be presumed to have known
 
 
 *414
 

 that, under the law, neither of them could be compelled to hold the leases in common, even though they had so acquired them, unless it was so specifically agreed
 
 and, as we have stated, no such agreement is alleged, nor is anything alleged from which an agreement might be inferred. We therefore conclude that plaintiff is entitled to a partition.
 

 * * * * *
 

 “There is no 'suggestion of a reason why the sale of the leases should be more prejudicial to defendant than to plaintiff, or more prejudicial at this time than later; and defendant’s objection to the partition rests, in the last analysis, upon the ground that it will better subserve his interest if there be no partition until all the oil to be expected from section 25 shall have been produced, sold, and the proceeds divided; and how long that may be defendant does not say, and probably does not know; nor does he say, or probably know, that oil will not be discovered on other tracts, which are covered by the leases here sought to be partitioned, in which event, the same argument would be applicable; and a contract whereby two persons have acquired property in indivisión, with no stipulation as to the time during which they should hold in that way, would be given the effect of a .contract in which they had agreed so to hold it for an indefinite period, which might extend beyond that of their lives — an interpretation in direct contravention of the law of the state.” (Italics ours.)
 

 See, also, Land v. Smith, 44 La.Ann. 931, 11 So. 577; Allies Oil Company v. Ayers, 152 La. 19, 92 So. 720.
 

 ■ In the case of Giardina v. Giardina, 181 La. 42, 158 So. 615, the plaintiff as a joint heir and co-owner of real estate, in indivisión, with his brothers and sisters, instituted a suit for the purpose of selling the property to effect a partition. The defendants pleaded estoppel, averring that the parties had verbally agreed not to partition the property but to hold it in common until such time as there was a favorable real estate market when a fair and reasonable price could be obtained for it. We held that the agreement was so uncertain and indefinite that it was incapable of being executed, because there wás no price stipulated or a certain limited time designated in which the parties would hold the property in common. For an interesting discussion of this case, see Tulane Law Review, Volume 10, page 315.
 

 In the instant case, the agreement under which the well was operated is absolutely silent on the question of whether or not the property would be held in common and there is no mention of a limited time in which the lease or the well would be held in common. Furthermore, there is no evidence in the record, other than the operation contract, to show that the parties contemplated holding the lease until the well was dry. In the absence of an agreement that there shall not be a partition of the lease for a certain limited time, we cannot, from the operating contract alone, infer or imply such an agreement, as this would be placing in the operating contract very serious and important provisions that are not contained therein.
 

 
 *416
 
 For the reasons assigned, the judgment appealed from is annulled and set aside, and
 

 It is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff and against the defendants, overruling the plea of estoppel and remanding the case to the district court for further proceedirigs consistent with the views-herein expressed; appellees to pay the costs of this court and all' other costs to await the final disposition of the case.