**ORAL ROBERTS UNIVERSITY,**
an Oklahoma corporation,
Plaintiff,

v.

**Travis ANDERSON, an individual, and Metroplex Properties, L.L.C., a Colorado limited liability company, Defendants.**

No. 95–CV–583–H.

United States District Court,
N.D. Oklahoma.

May 14, 1997.

Jack H. Santee, James E. Maupin, Moyers Martin Santee Imel & Tetrick, Tulsa, for Oral Roberts University, an Oklahoma corporation, plaintiffs.

James E. Weger, Robert R. Peters, II, Jones Givens Gotcher & Bogan, Tulsa, John M. McClure, Doylestown, PA, Richard D. Judd, Denver, CO, Gary L. Richardson, Keith Allen Ward, Richardson Law Firm, Tulsa, for Travis Anderson, an individual, Metroplex Properties, L.L.C., a Colorado limited liability company, defendants.

### ORDER

HOLMES, District Judge.

This matter comes before the Court on Plaintiff's Motion for Attorney's Fees and Nontaxable Expenses and Brief in Support (Docket # 81).

The Court denied Defendants' motion for summary judgment and granted Plaintiff's

motion for summary judgment on January 8, 1997. The Court entered judgment in Plaintiff's favor on January 13, 1997.[1]

Oral Roberts University ("ORU") filed this action June 22, 1995, seeking a declaration of the parties respective rights under a certain Option and Agreement for Purchase and Sale of Real Estate dated September 27, 1994 ("the Agreement"). Specifically, ORU sought a declaration that Defendants had not exercised the option created by the Agreement, that the Agreement had expired, and that the Memorandum of Option filed in the Tulsa County land records did not constitute any right or interest in the subject property. In response, Defendants asserted that the option period had not expired, that the Agreement remained in full force and effect, and that ORU had breached its obligations under the Agreement. Defendant Metroplex also filed a counterclaim for specific performance and for breach of contract pursuant to section 13.2 of the Agreement. The Court's order of January 8, 1997, found that Defendants had failed to exercise the option within the specified time period, that the Agreement thereby expired by its own terms, that under the circumstances the remedies provided for in the Agreement were not available to Defendant Metroplex, and that ORU was released from further obligation under the Agreement.

■ In the instant motion, ORU seeks an award of its "reasonable attorney's fees" pursuant to Section 13.2 of the Agreement.[2] Under Oklahoma law, attorneys' fees are not recoverable as damages unless they are specifically provided for by contract or statute. *Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1509 (10th Cir.1994). Here, section 13.2 reads in its entirety as follows:

13.2 Purchaser's Remedies. In the event that any of Seller's representations or warranties contained herein are, or at or prior to Closing shall be, untrue in any material respect, or if Seller shall default in performing any one of Seller's obligations hereunder, or be in breach in any material respect or any agreement, covenants, term, representation or warranty herein, Purchaser may elect to terminate this Agreement, or to obtain specific performance thereof together with any and all damages to which Purchaser may be entitled to the extent not inconsistent with its remedy of specific performance. In the event Purchaser shall elect to terminate, Purchasers shall have the right to recover its damages and to the refund of the Option payment. *In the event of litigation, the prevailing party shall be entitled to recover its reasonable attorney's fees.*

(emphasis added). As the prevailing party in this matter, ORU claims a contractual right to recover its reasonable attorneys' fees, totaling $217,442.25.[3]

■ In response, Defendants state that ORU is not entitled to attorneys' fees for two reasons: (1) the Agreement does not provide for payment of attorneys' fees to ORU, and (2) there is no option agreement in effect upon which ORU can rely. Additionally, Defendant Travis Anderson argues that ORU is not entitled to obtain attorneys' fees against him by virtue of his assignment of his rights under the Agreement to Defendant Metroplex.

Defendants interpret the attorneys' fees provision in Section 13.2 to be restricted only to an action by the purchaser. Defendants state that "[t]he only time that attorneys' fees would be payable is if Purchaser elects

1. On April 7, 1997, without objection, the Court granted Plaintiff's motion to alter judgment or amend judgment and entered an amended judgment consistent with that motion.

2. Plaintiff also argues in a footnote that it is "entitled to recover attorney's fees and costs it incurred subsequent to making a Rule 68 offer to confess judgment on July 12, 1996." Plaintiff's motion and brief in support provides no other information on this assertion. Without additional support, the Court will not consider this argument.

3. In support of this motion, Plaintiff attached an Affidavit by counsel of record along with exhibits consisting of billings to ORU by the firm of Moyers, Martin, Santee, Imel & Tetrick, which itemizes the accounting of hours of attorney time expended, a brief explanation of the work performed, and the billing rate of said hours. The exhibits also reflect expenses which were billed to ORU by the law firm in addition to the hourly rate.

to terminate, and then seeks to recover its damages." Def. Resp. at 3. Nothing in the Agreement, however, so limits the entitlement to attorneys' fees. The language in Section 13.2 unambiguously provides that "[i]n the event of litigation, the prevailing party shall be entitled to recover its reasonable attorney's fees." Defendants' ask the Court to imply a limitation on this provision by virtue of the paragraph heading "Purchaser's Remedies." However, Section 14.16 of the Agreement expressly prohibits reliance on paragraph headings, stating: "[t]he section and paragraph headings are inserted only for convenient reference and do not define, limit or prescribe the scope of this Agreement or any exhibit attached thereto." The Court holds that the attorneys' fees provision in the Agreement is unambiguous, and, in the event of litigation, expressly provides for payment of reasonable attorneys' fees to the prevailing party, in this case ORU.

█ In the alternative, Defendants' argue that "as a result of the finding of the Court that the contract terminated on January 27, 1995, there is no contract upon which ORU can rely in support of its Motion for Attorneys' Fees ...." Def. Resp. at 4. Defendant bases this argument on the Court's finding that "once the option period expires, the Agreement by its own terms is terminated and the remedies previously available under Section 13.2 are null and void." Defendants' argument presents the question of whether the termination of a contract containing an attorneys' fees provision prevents a party prevailing in litigation from recovering attorneys' fees.

As stated above, in Oklahoma attorneys' fees are recoverable as damages only where they are specifically provided for by contract or statute. *Magnum Foods,* 36 F.3d at 1509. In the instant matter, the Agreement between ORU and Defendants expressly contemplates the recovery of reasonable attorneys' fees by the prevailing party in the

event of litigation. The Oklahoma Supreme Court has not decided this issue, but cases from both Oregon and Florida provide persuasive reasoning that attorneys' fees are properly awarded to the prevailing party in an action brought after the term of a contract has expired. *See Usinger v. Campbell,* 280 Or. 751, 572 P.2d 1018, 1023 (1977); *Katz v. Van Der Noord,* 546 So.2d 1047, 1049 (Fla.1989).

In *Usinger,* the plaintiffs sued for specific performance of an earnest money agreement, the trial court denied specific performance and dismissed the complaint, and the plaintiffs appealed. *Usinger,* 572 P.2d at 1019. On appeal, the court found that "[t]he resolution of this case ... depends on whether the Usingers carried their burden of persuasion and showed ... that McPherson granted them an extension [of time]." *Id.* at 1022. After reviewing the record *de novo,* the court saw "no reason to disturb the trial court's finding on the issue that defendant did not grant the plaintiffs an extension of time for payment as provided in the earnest money agreement and did not waive the time essence clause." *Id.* The plaintiffs final argument in *Usinger* was that the defendant should not have been awarded attorneys' fees under the earnest money agreement because the defendant " 'elected to rescind the earnest money agreement.' " *Id.* at 1023.[4] The court held as follows:

> In this case, the plaintiffs contend there was a contract and ask for specific performance. This requires the defendant to come into court and defend, also relying on the contract by stating that it was not performed in accordance with its terms. *Defendant does not disaffirm the contract but relies on the exact terms thereof.* Therefore, the provision in the contract providing for attorney fees applies.

*Id.* (emphasis added).[5]

Similarly, in the instant case, Plaintiff sought a declaration of the rights of the

---

4. The plaintiffs cited the case of *Pickinpaugh v. Morton,* 268 Or. 9, 519 P.2d 91 (1974), in support of this argument. In *Pickinpaugh,* the court held that where the plaintiff is the party seeking rescission of a contract, that plaintiff cannot also rely on an attorney fee provision therein. The court held *Pickinpaugh* distinguishable from the question presented in *Usinger.* The same reasoning applies in the instant case.

5. The Court notes that the Florida Supreme Court has gone even further with regard to the availability of attorneys' fees under a contract, holding as follows:

> We hold that when parties enter into a contract and litigation later ensues over that contract, attorney's fees may be recovered under a prevailing-party attorney's fee provision con-

parties under the Agreement. Defendant Metroplex counterclaimed seeking specific performance of the Agreement. Plaintiff neither disaffirmed the Agreement, nor sought to rescind the Agreement. To the contrary, Plaintiff at all times relied on the terms of the Agreement and the expiration of the specified option period. Thus, Defendants' argument that "there is no option agreement upon which ORU can rely" for recovery of attorneys' fees must fail. As this Court held previously, with the expiration of the option term, Defendants lost the right to seek any remedies under the Agreement. Defendants, however, still sought specific performance and argued that the option had not terminated. By prevailing in this litigation, ORU is entitled to recover its reasonable attorneys' fees in accordance with the terms of the Agreement.

■ Defendant Travis Anderson further argues that ORU is not entitled to recover attorneys' fees from him because ORU consented to the assignment of his interest in the Agreement to Metroplex. As this Court found previously, Mr. Anderson conveyed his interest in the Agreement to Metroplex in the October 25, 1994, Assignment. Mr. Anderson now argues that "[a]s a result [of the Assignment], upon consent to the Assignment [by ORU], there was no longer any contractual relationship between ORU and Anderson."

While it is true that an effective assignment by Mr. Anderson to Metroplex divests Mr. Anderson of any right to purchase the property under the option Agreement, Mr. Anderson cannot rid himself of a contractual duty merely by making an effective delegation. *See* 3 E. Allan Farnsworth, *Farnsworth on Contracts*, § 11.10, at 126 (1990).

The difference comes from the distinction between a delegation and an assignment: "[t]he term *delegate* should be used in connection with performance, while the term *assign* should be reserved for rights ...." *Id.* at 125 (noting that "courts often fail to use these terms with precision"). In the instant case, the attorneys' fees provision in the Agreement is both a right and a duty, depending upon whether the party in question is the prevailing party in any subsequent litigation. Mr. Anderson could *assign* the *right* to recover attorneys' fees from ORU in the event that Metroplex prevailed in litigation involving the Agreement; Mr. Anderson cannot, however, *delegate* the *duty* to pay attorneys' fees in the event that ORU prevailed in such litigation merely by making an effective assignment. As the delegating party, Mr. Anderson remains bound to perform under the Agreement. *Id.* at 126.[6] Thus, the argument that ORU is not entitled to recover attorneys' fees from Mr. Anderson fails.

Finally, Defendants make specific objections to the attorneys' fees claimed by ORU. In *Ramos v. Lamm*, 713 F.2d 546 (10th Cir.1983), the Tenth Circuit provided guidance to district courts with regard to attorneys' fee awards. In the instant case, ORU has submitted an affidavit by counsel of record accompanied by exhibits itemizing the accounting of the hours of attorney time expended, a brief explanation of the work performed, and the billing rate for said hours. The exhibits also reflect the expenses billed to ORU in excess of the hourly rate.

Consistent with the above examination of the issue, the Court holds that under the Agreement ORU is entitled to recover its

tained therein even though the contract is rescinded or held to be unenforceable. The legal fictions which accompany a judgment of rescission do not change the fact that a contract did exist.

*Katz v. Van Der Noord*, 546 So.2d 1047, 1049 (Fla.1989). Since there has been no claim for rescission in the present case, the Court need not reach the question of whether attorneys' fees are available where a contract has been rescinded or held to be unenforceable.

6. The Court notes that ORU, as obligee under the Agreement, may consent to the delegation of the duty to pay attorneys' fees. Defendant Anderson

argues that ORU "consented to [the] Assignment," thereby ending the "contractual relationship between ORU and Anderson." As stated above, however, a mere assignment of the rights under the option agreement does not end the contractual relationship between ORU and Anderson. Defendant Anderson has made no specific claim of consent to delegate a duty, and the Court finds nothing in the record to relieve Anderson of the hornbook rule that the delegation of performance of a contract does not discharge the liability of the delegating obligor. *See, e.g., Walker v. Mills*, 182 Okla. 480, 78 P.2d 697, 699 (1938).

"reasonable attorney's fees" as the prevailing party in this litigation. Pursuant to Fed. R.Civ.P. 54(d)(2)(C), the Court will accept further "submissions bearing on issues of evaluation of services for which liability is imposed ...." If the parties wish to make such submissions then they should conform to the standards set forth in *Ramos* and be filed within three weeks from the filing date of this Order. Any responses should be filed one week following the filing of such submissions. If necessary thereafter, the Court will set the matter down for a hearing.

IT IS SO ORDERED.