FILED
United States Court of Appeals
Tenth Circuit

December 6, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CLAUDE WILKINSON; GARY L.
WILLIAMS; DIXIE WILLIAMS,

      Plaintiffs-Appellants/
Cross-Appellees,

v.

JOHN W. BODE, individually; DENISE
A. BODE, individually,

      Defendants-Appellees/
Cross-Appellants.

Nos. 11-6208 & 11-6275
(D.C. No. 5:10-CV-00392-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Plaintiffs (Buyers) contracted to purchase real property from Defendants

(Sellers). Buyers appeal from summary judgment entered against them on their

breach of contract claim. Sellers appeal from the district court's failure to award

attorney's fees. We consolidated the appeals for disposition; we affirm the summary

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

judgment, reverse on the issue of attorney's fees, and remand for a determination of reasonable fees.

## I.    BACKGROUND

On January 14, 2008, through a written contract, Sellers agreed to sell and Buyers agreed to buy real estate in Canadian County, Oklahoma.  Buyers failed to secure financing by the closing date of February 29.  Sellers agreed to extend the closing date multiple times, but Buyers repeatedly failed to secure financing.  On July 9 Sellers sent a notice of breach to Buyers advising them the contract had terminated because they had failed to secure financing and they had therefore forfeited their earnest money.  On July 21 Buyers signed a waiver of objection to the forfeiture of earnest money and submitted a new purchase offer for the same parcel. According to Buyers, Sellers' broker told them Sellers accepted the new offer. However, Sellers did not sign Buyers' July offer and claim they never accepted it.

After Sellers sold the property to other purchasers, Buyers filed this action claiming breach of contract arising out of two alleged contracts other than the January 14 contract:  (1) an April 29 contract set to close on May 30, which was not signed by anyone other than Buyers, and (2) a July 21 contract set to close on July 31, which was signed by Sellers' broker, but only in the area delineated for

receipt of earnest money. Buyers attached the signed, January 14 contract as the only exhibit to their amended complaint.[1]

## II. DISCUSSION

### A. *Buyers' Appeal*

We review a district court's grant of summary judgment de novo, applying the same legal standards as the district court. *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party. *Stover*, 382 F.3d at 1070. In this diversity case, we "apply Oklahoma law with the objective that the result obtained in the federal court should be the result that would be reached in an Oklahoma court." *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998) (internal quotation marks omitted).

We agree with the district court: the evidence supports the existence of only one executed contract, entered into on January 14, 2008.[2] Buyers failed to close on

---

[1]    Sellers also filed a counterclaim in district court for distraint, based on Buyers' placement of livestock on the contract property without Sellers' permission. Sellers prevailed on this issue, and Buyers did not appeal.

[2]    The district court's order mentions an affidavit Buyers presumably attached to their opposition to Sellers' motion for summary judgment in which they offered evidence that Sellers' broker told them the transaction would close (pursuant to the

(continued)

- 3 -

that contract, which terminated according to its terms; they cannot now sue for specific performance.  *See In re Baldwin*, 593 F.3d 1155, 1162 (10th Cir. 2010). Summary judgment was appropriate.

B. *Sellers' Appeal*

We review "a district court's award of attorney fees . . . subject to an abuse of discretion standard, but any legal conclusions that provide a basis for the award are reviewable *de novo*."  *Tulsa Litho Co. v. Tile & Decorative Surfaces Magazine Publ'g Inc.*, 69 F.3d 1041, 1043 (10th Cir. 1995).  Oklahoma follows the American Rule concerning the recovery of attorney's fees—Sellers are entitled to attorney's fees if a contract or statute so provides.  *Walden v. Hughes*, 799 P.2d 619, 619 (Okla. 1990).

In this case, Sellers claim the purchase contract expressly provides for the recovery of attorney's fees.  It provides, in relevant part: "[i]n the event any suit is instituted, the prevailing party shall have the right to recover all of such party's expenses and costs incurred by reason of such litigation including, but not limited to, attorney's fees, court costs, and costs of suit preparation."  Aplee. Supp. App. at 60, ¶ 10(c).  The district court decided the contract "terminated of its own accord" on July 21 when Buyers signed the waiver of objection to the forfeiture of the earnest

---

putative July contract) on July 25.  *See* Aplee. Supp. App. at 114-15.  The district court had a different view of the affidavit's provisions.  Regardless, Buyers have failed to include it, or their opposition to summary judgment, in the appendix. Accordingly, we will not consider it.  *See Burnett v. Sw. Bell Tel., L.P.*, 555 F.3d 906, 910 (10th Cir. 2009).

- 4 -

money, and therefore there "[was] no supporting agreement on which the Court could award [Sellers'] attorney's fees." *Id*. at 140.

But the contract's attorney fee provision seems to be specifically directed to this situation—a party breaches a contract (by failing to close according to its terms) and then files a losing suit against the non-breaching party. The district court's premise was correct—Sellers' obligation to sell the property to Buyers expired pursuant to the terms of the agreement. But that does not obviate Buyers' obligations under the contract to pay attorney's fees for an unsuccessful breach of contract action. The Oklahoma Supreme Court interprets contracts in customary fashion:

> The primary goal of contract interpretation is to determine and give effect to the intention of the parties at the time the contract was made. In arriving at the parties' intent, the terms of the instrument are to be given their plain and ordinary meaning. Where the language of a contract is clear and unambiguous on its face, that which stands expressed within its four corners must be given effect. A contract should receive a construction that makes it reasonable, lawful, definite and capable of being carried into effect if it can be done without violating the intent of the parties.

*May v. Mid-Century Ins. Co.*, 151 P.3d 132, 140 (Okla. 2006) (footnotes omitted).

Here, that means the prevailing party shall recover its attorney's fees "[i]n the event any suit is instituted." Aplee. Supp. App. at 60, ¶ 10(c). In other words, a plain reading of the contract's terms means the attorney fee provision survives contract termination in cases such as this. After all, Sellers did not disavow or repudiate the

- 5 -

contract; they vigorously sought to enforce it. Buyers were the breaching party, the suing party and the losing party.

While the Oklahoma Supreme Court has not yet decided this issue, we conclude *Oral Roberts University v. Anderson*, 11 F. Supp. 2d 1336 (N.D. Okla. 1997), *aff'd,* 153 F.3d 728 (10th Cir. 1998), is persuasive as to how the Oklahoma Supreme Court would likely resolve this issue. In that case, the plaintiff sought a declaration that the defendants had not exercised an option available pursuant to an option-to-purchase-real-estate-contract, and the contract had therefore expired and the defendants' rights in the property terminated. The contract included the following clause: "In the event of litigation, the prevailing party shall be entitled to recover its reasonable attorney's fees." *Id*. at 1337 (emphasis omitted). After the court held the contract had expired, the plaintiff requested attorney's fees. The defendants argued, similar to Buyers' argument here, there was no contract in effect to support an attorney's fees award.

The court in *Oral Roberts* defined the issue as "whether the termination of a contract containing an attorneys' fees provision prevents a party prevailing in litigation from recovering attorneys' fees." *Id*. at 1338. The court held it does not. It found *Usinger v. Campbell*, 572 P.2d 1018 (Or. 1977), persuasive, where the Oregon Supreme Court held:

> [p]laintiffs contend there was a contract and ask for specific performance. This requires the defendant to come into court and defend, also relying on the contract by stating that it was not performed in accordance with its

terms. *Defendant does not disaffirm the contract but relies on the exact terms thereof.* Therefore, the provision in the contract providing for attorney fees applies.

*Oral Roberts*, 11 F. Supp. 2d at 1338 (quoting *Usinger*, 572 P.2d at 1023). Similarly in this case, Sellers have specifically relied on the contract in their request for attorney's fees. "[W]ith the expiration of the [contract closing date, Buyers] lost the right to seek any remedies under the [contract. Buyers], however, still sought specific performance and argued that the [contract was still in force]. By prevailing in this litigation, [Sellers are] entitled to recover [their] reasonable attorneys' fees in accordance with the terms of the [contract]." *Id*. at 1339.[3]

We therefore **AFFIRM** the summary judgment, **REVERSE** the order denying attorney's fees, and **REMAND** to the district court to determine the amount of reasonable fees as guided by *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla. 1979).

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[3] Buyers' argument that the January contract was not in force but other contracts were in force, namely the alleged April or July contracts, is of no help to them. The only contract affixed to the complaint is the January contract, and Buyers have failed to show any other contracts exist. In any event, all three alleged contracts contain the same attorney's fee provision.