"Q. That was the principal reason for the transfer at the time?

"A. That was the principal reason."

About this same time, Mr. and Mrs. Sangassan transferred to defendant, their daughter,

all of the real estate, some eight pieces, $2,000 worth of Reliance Homestead stock, and $1,200 worth of Eureka Homestead stock. Mrs. Sangassan closed out her savings account in the Whitney Bank, and transferred the balance of $3,825 to an account in the name of her daughter, although jointly controlled by her and Mr. Sangassan, and Mr. Sangassan closed out his savings account.

We find no error in the judgment of the lower court.

Judgment affirmed.

158 So. 615

## GIARDINA v. GIARDINA et al.

### No. 32898.

### Jan. 7, 1935.

Deynoodt & de la Vergne, of New Orleans, for appellants.

M. C. Scharff, of New Orleans, for appellee.

HIGGINS, Justice.

Plaintiff sued her brothers and sisters as joint heirs and owners, in indivision, of certain real estate, for the purpose of effecting a partition by licitation.

The defendants answered, admitting substantially all the allegations of the petition, but specially pleaded that the plaintiff was estopped from prosecuting the partition suit, averring "that during the month of January, 1933, particularly between the interval of January 2nd and 17th, 1933, on two separate and distinct occasions, the plaintiff and defendants herein verbally agreed between themselves not to partition this property sought now to be partitioned by plaintiff, but on the contrary to hold the property in common until such time as the real estate values would improve and a fair and decent price could be obtained therefor, except that plaintiff and defendants verbally agreed to place 'For Sale' signs on said properties with a view of making a private sale, provided the price obtained would be satisfactory and mutually agreed upon by and between the said plaintiff and defendants."

Thereupon counsel for plaintiff filed a rule for judgment on the face of the pleadings, under Act No. 300 of 1914, as amended by Act No. 27 of 1926, known as the Practice Act.

The rule was made absolute by the lower court in favor of the plaintiff and against the defendants, and they have appealed.

Articles 1289, 1297, 1298, 1299, 1300 and 2836, Civ. Code, read as follows:

Article 1289. "No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has a right to demand the division of a thing held in common, by the action of partition."

Article 1297. "It can not be stipulated that there never shall be a partition of a succession or of a thing held in common. Such a stipulation would be null and of no effect."

Article 1298. "Nevertheless, the coheirs can agree that there shall not be a partition of the effects of the succession for a certain limited time, and such an agreement will be valid; but it will be assimilated in this case to a contract of partnership between the heirs, and subject to the same rules."

Article 1299. "A donor or testator can not order that the effects given or bequeathed by him to two or more persons in common, shall never be divided, and such a prohibition would be considered as if it were not made."

Article 1300. "But a donor or testator can order that the effects given or bequeathed by him, be not divided for a certain time, or until the happening of a certain condition.

"But if the time fixed exceed five years, or if the condition do not happen within that term, from the day of the donation or of the opening of the succession, the judge, at the expiration of this term of five years, may order the partition, if it is proved to him that the coheirs can not agree among themselves, or differ as to the administration of the common effects."

Article 2836. "If any part of the stock of this partnership consist of real estate, it

must be in writing, and made according to the rules prescribed for the conveyance of real estate, and recorded as is hereafter prescribed with respect to partnership in commendam."

In Cross on Successions, at page 496, § 306, with reference to this subject, we find the following language:

"Judicial Partitions. 'In the intention of the law, things cannot permanently remain in a state of indivision between co-owners or coheirs, since that is a tenure of property which the law does not recognize. It may be so fixed by agreement for a time or under condition but the duration to time, absolutely fixed, or dependent on condition cannot exceed five years; and even in that case the contract is one of partnership, and is regulated by its rules.' "

In Saunder's Lectures on the Civil Code, at page 235, the author expresses doubt that the five-year limit provided in article 1300 would be applicable to an agreement between co-owners or coheirs, under article 1298.

Conceding that, under the provisions of the above articles of the Code, the agreement between the co-owners or coheirs to hold the real estate in indivision need not be in writing to be valid, and that, in the absence of a stipulation in the agreement limiting the period of time that it will be effective, the provisions of article 1300, Civ. Code, place a limit of five years thereon, a view most favorable to the defendants, but without deciding those issues, can it be said that there was a definite and binding agreement in the instant case? The purported verbal agreement would postpone the partition until real estate values improved and a fair price could be obtained for the property. It will be noted that no definite price is fixed by the parties as a reasonable and fair value for the property. There are five co-owners, and the court is left without the slightest guidance as to what they, collectively or individually, believed would be a satisfactory price. Each is left to decide that question for himself, according to his own volition or judgment. To determine what would be a reasonable and fair price for the property as far as the purported agreement is concerned is a matter of conjecture. The alleged agreement is so vague, uncertain, and indefinite that it is incapable of being executed, because any one of the co-owners could say that he does not believe real estate values have sufficiently improved to warrant the partition and that in his opinion "a fair and decent price" could not be obtained and consequently prevent the others from disposing of the property for at least five years.

We agree with our learned brother below that the purported agreement is not the kind of agreement contemplated by the articles of the Code, and it is therefore not binding upon the plaintiff. Connette v. Wright, 149 La. 478, 89 So. 626; Succession of Glancey, 108 La. 421, 32 So. 356; C. J. Vol. 47, p. 321, § 2, (par. 131); Ventress v. Brown et al., 34 La. Ann. 448–454.

For the reasons assigned, the judgment appealed from is affirmed.