LE BLANC, Justice.
Plaintiff and the five defendants in this suit are co-owners, in indivisión, in the proportion of an undivided one-sixth each, of a certain lot of ground situated at the corner of North Claiborne and Orleans Avenues in the City of New Orleans. The lot measures 28 feet 8 inches 6 lines on North Claiborne by a depth of 100 feet between equal and parallel lines and is occupied by a commercial building.
*666 In his petition plaintiff alleges that he is no longer willing to remain as an owner in indivisión of the property with his co-owners and that as the property is not divisible in kind there should be a partition by licitation ordered by the Court. Accordingly he prays that he and his co-owners be recognized as the owners in the proportions set out by him and that in due course there be judgment in his favor decreeing a partition of the property by licitation, the sale to be made by an auctioneer to be appointed by the Court, for cash', and that all parties be referred to a Notary Public, also- to be appointed by the Court, for the purpose of completing the partition.
Certain exceptions were filed by some of the defendants in the lower Court and were there overruled. The issues they presented have passed out of the case and the only defense urged is the one that was pleaded in their answer to the effect that there was an agreement entered into- among the co-owners that the property would 'be held in common and that there would be no partition until all payments due on a certain mortgage note assumed by them would have been made, in accordance with the stipulations of an act of mortgage securing the same and with the provisions of the said note itself.
One of the defendants, Dr. Raleigh J. Coker, filed a separate answer in which he admits the allegations of plaintiff’s petition and apparently does not contest his demand for a partition of the property.
After trial in the court below there was judgment in favor of the plaintiff as prayed for and this appeal was taken.
By the specific terms of Article 1289 of the Revised Civil Code, “No one can be compelled to hold property with another” and “any one has the right to1 demand the division of a thing held in common, by the action of partition”. It has been held that this right is absolute and that once the interest of the parties in the property has-been admitted the action is not subject to any defense. See Grouchy v. Williams, 161 La. 909, 109 So. 545 and Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652. It has to- be noted however that the positive statement of Article 1289 of the Revised Civil Code that “No one can be compelled to hold property with another” is qualified by the phrase “unless the contrary has been agreed upon” which follows immediately. It is on this proviso- o-f the article that the defendants base their defense to the present action. Counsel for plaintiff counter this defense with two- propositions, (1) that in order to be effective, such agreement must be in writing since it is one that relates to real estate, Civil Code, Art. 2836, and (2) that in the absence of a stipulation to the contrary the term of such an agreement, even when in writing, is limited to five years, Civil Code, Article 1300.
The trial judge was of the opinion that the agreement which defendants sought to prove constituted a contract to- alienate title to real estate and as such should have been reduced to writing. Notwithstanding the *668 views lie entertained on this point he permitted the defendants, over the objections of counsel for plaintiff, to adduce verbal testimony in their attempt to prove an oral contract and even after considering it reached the conclusion that what proof they had offered was of a different agreement than the one they had set out in their answer.
In Giardina v. Giardina, 181 La. 42, 158 So. 615, this Court was presented with the same propositions of law as are raised in this case, that is whether an agreement to hold real estate in indivisión has to be in writing and whether the law places any limitation as to time on such an agreement. Without deciding those issues however, the Court rejected the contention of the defendants because it found that the agreement alleged by them was so vague, uncertain and indefinite that it was incapable of being executed. Likewise in this case we find it unnecessary to pass on and decide the two questions of law that are presented because, after considering the testimony found in the record, we have concluded that it falls short of supporting any definite and binding agreement contrary to the otherwise positive right granted to- a co-owner of property to demand a partition from his co'-owners by Article 1289 of the Civil Code.
In the first place we are in accord with the views of the learned district judge that the agreement which the defendants endeavored to prove was not the one they had alleged in their answer. Whereas the alleged agreement was one to the effect that there would be no partition of the property until a mortgage indebtedness which they had all assumed would be paid and liquidated, the agreement concerning which they testified was one to* the effect that eventually the property would be sold by all of them to some industrial insurance company which they had organized. However, even as to this latter agreement there was nothing certain or definite in any way. Apparently no price had’ben set or, if there was any, no one seemed to know anything about it, nor is there any testimony to indicate the period of time over which the agreement was to extend.
Granting full force and effect to the terms of Article 1289 of the Civil Code giving rise to the action for partition, we are firmly of the opinion that in order to support the only exception therein provided, it should be shown that the agreement among the parties not to partition is- one that is definite and certain and clearly evidences such intention on their part. That surely is not the nature of the agreement relied on by the defendants in this case.
For the reasons stated, the judgment appealed from is affirmed at the costs of the defendants, appellants.