PRICE, Judge.
James A. Gallagher brought this action against his former wife, Bobbie Jo Smith Gallagher, for a partition by licitation of the former community home in Shreveport. His demands were rejected by the trial court on a finding that defendant had been granted a right of use and habitation of the property, and the property was not susceptible to being partitioned. On appeal, the plaintiff presents three issues:
1) Should the right to remain in the residence granted by plaintiff to defendant pursuant .to a property settlement agreement be construed as a real right in the nature of a usufruct terminable at her option?
2) Have‘the parties 'contractually stipulated against a judicial partition by licitation?
3) Can a co-owner whose indivisible interest is burdened with a right of use and habitation in favor of his co-owner enforce the right of partition by licitation of the naked ownership?
The parties were married in 1966 and resided in Shreveport until their separation in September, 1973. Plaintiff filed an action for a divorce in the State of Arkansas. On January 9,1974, the litigants executed a “Community Property Settlement and Partition and Support Agreement.” By its terms, defendant allowed plaintiff to procure the Arkansas divorce and acquiesced in its recognition in Caddo Parish District Court. Judgment was rendered recognizing the divorce and their contractual stipulations on February 13, 1974.
Plaintiff instituted this action in June, 1975, seeking partition by licitation of the residence. Defendant denies he is entitled to this relief based on the following provisions of the contract:
Mrs. Gallagher shall have the right to remain in the former matrimonial domicile at 6306 River Road, Shreveport, Cad-do Parish, Louisiana, as long as she desires to live there. However, she shall have the option at any time to place the said residence on the market for sale in accordance with the following agreement. An appraisal shall be obtained on the house at the time it is offered for sale, the appraisal to be made by an appraiser to be mutually selected by both Mr. and Mrs. Gallagher. The house shall be offered for sale at the appraised value, with each agreeing that it shall be sold for this appraised sum. However, Mrs. Gallagher shall have the right to sell the house herself without a commission, for the price and under the terms set forth herein. During the period of time that the house is offered for sale and until it is sold, this agreement shall provide for the exclusive occupancy of the house by Mrs. Gallagher. The property shall be listed with Aulds, Horne & White as the realtor for sale. Upon the sale of the house, the net proceeds of the sale after the payment of the first mortgage on the residence shall be divided equally between Mr. and Mrs. Gallagher.
Until the house is sold as above described, Mr. Gallagher will agree to pay to Mrs. Gallagher the sum of $470.00 per month cash, divided $100.00 a month child support and $370.00 a month alimony. He additionally obligates himself to pay all of the hospital, doctor and dental bills on the minor children of the marriage. Additionally, he will keep in full force and effect the hospitalization insurance, both on the children and Mrs. Gallagher. Mrs. Gallagher obligates herself to pay the first mortgage payment on the residence as long as she occupies the same, as consideration for her occupancy. In the event that Mrs. Gallagher elects no longer to occupy the said residence, and moves out, she agrees that the house shall be offered for sale as above provided.
Plaintiff contends the parties intended for defendant to temporarily remain in the *485 house during the period of time required for sale of the residence in accord with the provisions of the agreement. He contends the trial court was in error in construing this provision as a right of use and habitation which is a real right in the property in the nature of a usufruct. He further-contends the right may only be established by an instrument translative of title which clearly evidences the intent to convey such a property right.
The right of habitation is provided by Louisiana Civil Code Article 627 as follows:
The right of habitation is the right of dwelling gratuitously in a house the property of another person.
The methods of establishing and extinguishing this right are the same as prescribed by the Code for a usufruct. Article 628. The right of usufruct may be established by “all sorts of titles” as provided by Article 540. Specifically enumerated in this article is an agreement of compromise. The property settlement agreement is an authentic act which effects a compromise of the disputed claims of the parties relating to the partition of the community and alimony rights. It meets all of the requirements of Article 540 to be an instrument translative of title.
The language employed is clear and unambiguous in defining the rights accorded to defendant:
Mrs. Gallagher shall have the right to remain in the former matrimonial domicile ... as long as she desires to live there.
Sfc * Sfc Sfc
* * * Mrs. Gallagher obligates herself to pay the first mortgage payment on the residence as long as she occupies same, as consideration for her occupancy. In the event that Mrs. Gallagher elects no longer to occupy the said residence, and moves out, she agrees that the house shall be offered for sale as above provided.
This language negates the argument by plaintiff that the right was intended to be for a temporary period.
We find the trial court was correct in construing the instrument to establish a right of habitation as provided by Article 627.
Plaintiff contends, in the alternative, that should defendant’s claim to a right of habitation be upheld, he should, nevertheless, be allowed to partition the naked ownership of the property. Defendant opposes this position contending it is contrary to the agreement, and secondly, that property subject to a usufruct or right of habitation is not susceptible of partition under the decision in Smith v. Nelson, 121 La. 170, 46 So. 200 (1908). We do not find it necessary to resolve the latter issue as we find the parties have stipulated against the right to a judicial partition under the terms of the agreement. Louisiana Civil Code Article 1289, providing for the right of partition of a thing held in common, also recognizes the right to stipulate against partition. This article is further modified by Article 1298 providing that co-heirs can agree not to partition the effects of a succession for a certain limited time. (Article 1290 provides the rules for partition between co-heirs are also applicable to owners of a thing held in common.)
Plaintiff contends the agreement does not meet the requirements for a stipulation against partition because it is too indefinite to be enforceable under Article 1298, and the jurisprudence interpreting it. See Walker v. Chapital, 218 La. 663, 50 So.2d 641 (1951), and Giardina v. Giardina, 181 La. 42, 158 So. 615 (1935).
The decisions of Giardina and Walker are not applicable to the circumstances presented. In those cases, the purported agreements against partitioning property were rejected because the agreements were vague and indefinite. The property settlement between the Gallaghers clearly shows an intent not to partition the residence until Mrs. Gallagher chooses to move out of the house.
The fact that the specific term in this instance is dependent upon the defendant’s option does not render it unenforceable. The option was granted to her in return for *486 the rights and advantages accruing to the plaintiff under the agreement.
The agreement provides with particularity the mechanics of determining the price of the property and method of sale should defendant exercise her option to terminate her right of habitation.
The parties, having provided a specific method for non-judicial partition at the expiration of the defendant’s occupancy right, have negated the right to a judicial partition as sought by plaintiff in this action.
The judgment is affirmed at appellant’s costs.