| TTERRI F. LOVE, Judge.
The issue in this appeal is whether the trial court properly granted an exception of no cause of action filed by Louisiana Coastal, VII, L.L.C. (“Louisiana Coastal”) in a lawsuit brought by Lisette Crozat following her eviction from her family home, in which she claimed a right of habitation. For the following reasons, we reverse the trial court’s ruling.
On December 7, 2000, Louisiana Coastal purchased a house at 820 Pine Street in New Orleans at public auction conducted by the civil sheriff. The sale was facilitated by an August 16, 2000 judgment by the trial court judge in Bristow, et al. v. Crozat et al., CDC #2000-2834, partitioning the property by licitation. In the Bristow matter, Ms. Crozat’s sisters had sued her for partition of the property in question because Ms. Crozat would not agree to sell the family home, which under the terms of their father’s will could not be sold without the agreement of all his children. The record indicates that Ms. Crozat would not agree to the sale because she claimed a right of habitation pursuant to the will in which her father established a trust for the benefit of ,his children. Ms. Crozat did not seek review by this court in the Bristow lawsuit.
After purchasing the property, Louisiana Coastal proceeded, by writ of possession pursuant to La.R.S. 13:4346, to evict Ms. Crozat who still lived at the home. On January 24, 2001, Ms. Crozat filed a petition for injunction against ^Louisiana Coastal and its member/managers, James and Catherine MacPhaille, to stop her eviction. In her petition, Ms. Crozat alleged that she possessed a right of habitation to live in the house pursuant to the trust created in her father’s will. Ms. Crozat asked for a temporary restraining order. The trial court denied Ms. Crozat’s request for a temporary restraining order. Ms. Crozat was evicted on January 25,-2001.
On March 12, 2001, Ms. Crozat amended her petition, changing her action from an injunction request to a possessory action. The amendment added a wrongful eviction claim based on the allegation that Ms. Crozat lived in the house at 820 Pine Street pursuant to a right of habitation, a claim for damages, and a right to possess the premises by virtue of this right of habitation.
Louisiana* Coastal filed an exception of no cause or right of action, arguing that it was protected under the Louisiana public records doctrine as a third party purchaser from Ms. Crozat’s unrecorded claimed right of habitation. Louisiana Coastal also *322 asserted that Ms. Crozat was estopped by her own warranty of title in the partition lawsuit from later asserting a title claim against it. Finally, Louisiana Coastal asserted that, the law of the case doctrine prohibited re-litigation of the same issue presented to and denied by the trial court judge in the injunction request.
After a hearing, District Judge Nadine Ramsey granted the exception of no cause of action on July 10, 2001 and dismissed Ms. Crozat’s lawsuit. She also ordered cancellation of the notice of lis pendens filed by Ms. Crozat. We do not know the basis of the trial court’s decision because the hearing was not recorded and the court issued no reasons for judgment. Ms. Crozat appeals this judgment.
In her first assignment of error, Ms. Crozat argues that the trial court erred in granting Louisiana Coastal’s exception of no cause of action because her petition Instated two causes of action: a right of habitation, recognized by law and acknowledged by Louisiana Coastal, and a wrongful eviction.
The function of the peremptory exception of no cause of action is to determine the legal sufficiency of the petition. It questions whether the petition sufficiently alleges grievances for which the law affords a remedy. All well pleaded factual allegations must be accepted as true. Hoskin v. Plaquemines Parish Gov’t, 98-1825, p. 10 (La.App. 4 Cir. 8/4/99), 743 So.2d 736.
Further, with regard to this court’s review of a ruling on an exception of no cause of action, in Farmer v. Marriott Intern., Inc., 2001-0667 (La.App. 4 Cir. 12/27/01), 806 So.2d 89, this court stated:
Dismissal of a claim is justified only when the allegations of the petition itself clearly show that the plaintiff does not state a cause of action, or when the allegations show the existence of an affirmative defense that appears clearly on the face of the pleadings. City of New Orleans v. Bd. of Com’rs of Orleans Levee District, 93-0690 (La.7/5/94), 640 So.2d 237. A court appropriately maintains the peremptory exception of no cause of action only when, conceding the correctness of the well-pleaded facts, the plaintiff has not stated a claim for which he can receive legal remedy under the applicable substantive law. City of New Orleans v. Bd. of Directors of Louisiana State Museum, 98-1170 (La.3/2/99), 739 So.2d 748. In reviewing a trial court’s ruling on the exception, the appellate court should conduct a de novo review. City of New Orleans v. Bd. of Com’rs of Orleans Levee Dist., supra.
Id. at 91.
Governed by these standards, we must determine whether Ms. Crozat stated a cause of action to enforce a right of habitation within a possessory action. Since the basis of the trial court’s decision is unclear, we will first consider the argument offered by Louisiana Coastal to support its exception regarding the doctrine of estoppel. The argument involves portions of two exhibits submitted to the trial court: one with the petition and one with the exception. Because the record indicates no objection to these documents, we will consider the pleadings enlarged. l4See Wirthman-Tag Const. Co., L.L.C. v. Hotard, 2000-2298 (La.App. 4 Cir. 12/19/01), 804 So.2d 856, 860.
First, attached to Ms. Crozat’s petition was the Process Verbal of the Judicial Partition in the Bristow matter, which Ms. Crozat executed on January 18, 2001, and in which the notary reported that she declared she was “satisfied with this partition,” and she would sign a receipt upon receiving her portion of the sale price. *323 There is no reference in the proces verbal to Ms. Crozat’s alleged claim to a right of. habitation.
Second, Louisiana Coastal attached to its exception the Confirmation of Adjudication in the Bristow matter, executed by the civil sheriff and Louisiana Coastal on January 5, 2001, in which these parties acknowledged that the house was sold to Louisiana Coastal:
[W]ith all legal warranties and with full substitution and subrogation in and to all the rights and actions of warranty which the said parties involved in the partition proceeding ... have or may be entitled to against all former owners and possessors of said property, their heirs ■and assigns, all right, title and interests in and to the ... property....
Ms. Crozat’s “satisfaction” with the partition, after which she collected her portion of the sale proceeds, should not prevent her from later maintaining a right of habitation in the property partitioned and then sold to a third party. Louisiana Civil Code Article 630 provides that “habitation is the nontransferable 'real right of a natural person to dwell in the house of another.” Moreover, La. C.C. Article 634 provides that “[a] person having the right of habitation is entitled to the' exclusive use of the house or of the part assigned to him,.... ” Further, Article 631 states that “[t]he right of habitation is established and extinguished in the same manner as the right of usufruct.” Additionally, Article 637 provides: “The right of habitation is neither transferable nor heritable. It may not be alienated, let or encumbered.” Finally, Article 638 states: “The right of habitation terminates at the | sdeath of the person having it unless a shorter period is stipulated.” See also Louisiana Civil Law Treatise, Personal Servitudes (4th ed., 2000), A.N. Yiannopoulos, §§ 233, 234.
' As the above articles illustrate, one who possesses the right of habitation does not lose that real right simply because the property is partitioned. Thus, the fact that Ms. Crozat received her share of the funds resulting from the partition, and was “satisfied” with the receipt of such funds, does not serve to destroy her personal servitude of .habitation on the subject property. Louisiana Civil Code Article 812 clarifies that Ms. Crozat’s right to habitation would not terminate merely because the property at issue was partitioned: “When a thing held in indivisión is partitioned in kind or by licitation, a real right burdening the thing is not affected.” See, e.g., Miller v. Currier, 97-1194 (La. App. 3 Cir. 4/1/98), 713 So.2d 497; Lingo v. Courmier, 96-542 (La.App. 3 Cir. 11/2/95), 667 So.2d 1091, rehearing denied, writ denied, 96-0795 (La.5/10/96), 672 So.2d 925.
Therefore, even though the property was sold to a third party as a result of the partition by licitation, the alleged real right of habitation was not extinguished. The property remained burdened by the testamentary personal servitude and the bearer of that right of habitation, Ms. Cro-zat, was entitled to use of the property for as long as the trust provided or until Ms. Crozat’s death. See La. C.C. art. 638. Termination of the right of habitation is not a reasonable consequence of Ms. Cro-zat’s mere acceptance of the partition nor would she be estopped from asserting her right of habitation merely because she assented to receive her share of the sale of the property resulting from the partition.
Additionally, with regard to the warranty referenced in the Confirmation of Adjudication, we find no justification for finding Ms. Crozat bound by this statement in a document to which she was not a party.
LA possessory action is one brought by the possessor of immovable property or of *324 a real right therein to be maintained in his possession of the property or enjoyment of the right when he has been disturbed, or to be restored to the possession or enjoyment thereof when he has been evicted. La.Code Civ. P. art. 3655. Habitation is the nontransferable real right of a natural person to dwell in the house of another. La. C.C. art. 630. See Gallagher v. Gallagher, 339 So.2d 483 (La.App. 2 Cir.1976), writ refused, 341 So.2d 897 (La.1977). When a thing held in indivisión is partitioned by licitation, a real right burdening the thing is not affected. La. C.C. art. 812.
Considering this law in light of the allegations contained in Ms. Crozat’s petition, as amended, we find that she does state a cause of action to claim a right of habitation within a possessory action. In deciding otherwise, the trial court failed to adhere to the standards applicable to consideration of an exception of no cause of action.
The amended petition, as worded, fails to state a cause of action for wrongful eviction and damages. Louisiana R.S. 13:4346 authorizes a writ of possession to be issued if an occupant fails to deliver possession of the purchased property upon demand. Ms. Crozat sets forth no facts purporting to show that Louisiana Coastal has failed to adhere to proper procedures for the type of eviction authorized under the statute.
Furthermore, we find no merit in Louisiana Coastal’s alternative argument in support of its exception regarding the law of the case doctrine. The record shows that District Judge Ledet simply denied the request for a temporary restraining order, and District Judge Tobias simply partitioned the property. There is nothing in the record to show that any judge has considered the merits of Ms. Crozat’s claim to a right of habitation pursuant to the trust created in her father’s will.
|7The last argument offered by Louisiana Coastal to support its exception is addressed in Ms. Crozat’s second assignment of error in which she argues that the trial court did not follow established jurisprudence that property rights acquired by inheritance are an exception to the public record’s doctrine. Having found merit in a portion of Ms. Crozat’s first assignment of error, we do not need to address this assignment; we do so, however, because both parties set out the issue presented below as the crux of their respective arguments in this appeal. We find neither party’s reasoning on the issue particularly persuasive or determinative as to whether a cause of action has been stated here.
Although La. R.S. 9:2092 generally requires recordation of trust property that includes immovables in order to affect third parties, an explanatory note following the statute explains: “This section, ..., does not create an exception to [the] rule that the law of registry is inapplicable where ownership of, or claim affecting, immovable property has been acquired by inheritance_” See La. R.S. 9:2092, Notes of Decisions, Number 1, Construction with Registry Laws, (citing Jackson v. D’Aubin, 338 So.2d 575 (La.1976)).
The Louisiana Supreme Court explained in Jackson v. D’Aubin, on rehearing: *325 338 So.2d at 580 (citations omitted).
*324 It has been consistently held in the jurisprudence, however, that the law of registry is inapplicable where the ownership of, or claim affecting, immovable property ... has been acquired by inheritance and title has become vested by operation of law. [case citations] After reconsideration, we do not believe that La.R.S. 9:2092 [provision requiring immovable trust property to be recorded *325 to affect third parties] purports to create an exception to that rule.
The court further explained:
La. R.S. 9:2092 does not declare that unrecorded trust instruments do not affect third parties, but rather that the trustee has the duty to record the trust instrument in every | Rparish in which is located immovable or other property the title to which requires recordation to affect third parties. The title to property acquired by inheritance does not require recordation to be effective against third persons. La. Civil Code art. 2266 (1870).
338 So.2d at 580, n. 4 (emphasis added).
In its original hearing, the Supreme Court had reasoned that even though it had previously recognized an exception to the recordation requirement for property or rights acquired by inheritance, that limited exception was not applicable as to trustees whose duties of recordation, inter alia, were governed by the Trust Code. On rehearing, the court ruled as quoted above, reaffirming the exception to the general recordation rule concerning immovable property in the case 'of rights acquired through inheritance.
Although the Supreme Court’s statement is helpful to Ms. Crozat, it is not determinative in this case in terms of whether Ms. Crozat stated a cause of action. Moreover, under the facts of this case, the Jackson court’s statement would need to be evaluated against Comment b to article 631 of the Louisiana Civil Code, which states that aright of habitation must be recorded.
Likewise, Louisiana Coastal’s use of Jackson for its decision on the issue of prescription is not conclusive. La. R.S. 9:5682, providing an acquisitive prescription of ten years, has been replaced with La R.S. 9:5630, providing a liberative prescription of two years. Contrary to Louisiana Coastal’s argument, however, we do not find La. R.S. 9:5630 applicable to Ms. Crozat’s action; by its terms, the statute applies to an action by an heir or legatee of a deceased person who has not been recognized as such in the judgment of possession rendered in the succession of the deceased. Ms. Crozat was recognized as a legatee in the Judgment of Possession rendered in her father’s succession.
Furthermore, Ms. Crozat claims that the recordation requirement is nevertheless satisfied in this case because the Judgment of Possession transferring 19one-haIf of the property to the trust was recorded in the conveyance office, and the will containing the trust establishing her claimed right of habitation was recorded in the clerk’s office. Whether re-cordation of these documents sufficiently establishes recordation under the public records doctrine is unclear. Under Ms. Crozat’s theory, Louisiana Coastal would have the enhanced burden of first finding the Judgment of Possession, noting its reference to a trust, and then researching the trust. This may not be what the public records doctrine requires.
Accordingly, we find that under the procedures for maintaining a peremptory exception of no cause of action, assuming the correctness of the well-pleaded facts, Ms. Crozat has stated a claim for which she can receive legal remedy under the applicable substantive law. The trial court failed to follow the proper procedure, considering the applicable law, when it maintained Louisiana Coastal’s exception of no cause of action. We find that Ms. Crozat has stated a cause of action to enforce a claimed right of habitation in a possessory action. We, therefore, reverse the judgment of the trial court and remand for further proceedings consistent with this *326 opinion. The notice of lis pendens is reinstated.
REVERSED AND REMANDED.
ARMSTRONG, J., dissents.