Statement of the Case.
MONROE, C. J.
Plaintiff alleges that he and defendant are the owners in indivisión of a number of oil and gas leases, covering certain described tracts of land, apparently noncontiguous, including the N. W. % of S. E. % of section 25, township 21 north, range 8 west; that he is unwilling longer to hold said property in indivisión, and desires and is entitled to a partition thereof; that said leases are not, in their nature, susceptible of partition in kind, and as a matter of fact that the rights thereunder could not be so divided without great injury and deterioration to the property; and that he is entitled to a partition thereof by licitation. Wherefore he x>rays, etc.
Defendant admits that he and plaintiff own the property as described, and in the proportions (one-tenth to him and nine-tenths to plaintiff) as alleged in the petition. Further answering:
“He shows that section 25, township 21 north, range 8 west, is producing daily a large quantity of oil, and that the oil * * * is delivered in pipe linos; * * * that plaintiff receives * * * the proceeds of nine-tenths of the oil and defendant one-tenth, * * * in accordance with their ownership; that the purpose of partitioning this property at this time is to deprive defendant of the rights and privileges of receiving his ono-tentli of the oil produced in said section, 25; * * * and that it is impracticable at this time to partition the property located in said section 25 * * * either in kind or by licitation, in that, in selling said property at public sale, petitioner’s right will bo greatly damaged, and he will, thereby be forced to sacrifice, his interest in, the oil produced therefrom. * * *
“He shows that it was not contemplated that there should be a partition between plaintiff and defendant of the'leases described in plaintiff’s petition, but that the oil produced from the property there described should be divided by delivering or selling same to a pipe line, or the Standard Oil Company, and payments made to plaintiff and ’ defendant in accordance with their ownership in said leases; that, in accordance with this idea, division orders have been signed under which the Standard Oil Company, and other companies to whom oil is sold, have been pitying direct to lfiaintiff nine-tenths of the proceeds of the oil produced, and to your defendant one-tenth of the said production; that to attempt to effect a partition by lieitation will operate a great hardship upon your defendant, in that it will force a sacrifice of his interest therein, and will violate the purpose and object for which xdaintiff and defendant acquired said oil and gas leases. * * *
“Defendant shows that, in the event the court orders a partition, a partition in kind would produce less injury to defendant than on,e by licitation, and that the demands of plaintiff for a partition, at least, should be held in suspense until plaintiff and defendant have divided the oil which said property may produce, in conformity with the object and.purpose of the acquisition of said leases; and in. any other respect defendant denies the statements made in articles II and III of plaintiff’s petition.
“Wherefore defendant ln-ays that plaintiff’s demands be rejected and disallowed, at his cost, and, in the alternative, that the demand for a partition bo held in suspense until the •oil to be produced from said leases be divided, in accordance with the purpose and object of said leases, as hereinabove set forth. He prays for all orders necessary and for general and equitable relief.”
Plaintiff having ruled defendant to show cause why judgment should- not be rendered as xxrayed for, on the petition and answer the rule, after hearing, was made absolute, and there was judgment ordering the partition by licitation. Defendant prosecutes the apxieal.
Oxnnion.
[2] The suit and the proceeding by rule are brought under the authority of the following provisions of the Civil Code and of Act 157 of 1912, as amended and re-enacted by Act 300 of 1914, to wit:
Civil Code:
“Art. 1289. * * * No one can be compelled to hold property with another, unless the contrary has been agreed upon; any one has *481 a right to demand the division of a thing held in common, by the. action of partition.”
“Art. 1297. . * * * It cannot be stipulated that there never shall be a partition of a succession or of a thing held in common. Such a stipulation would be null and of no effect.” ■
“Art. 1308. * * * The action of partition will not only lie between coheirs and legatees, but between all persons who hold property in common, from whatever cause they may hold in common.”
Act 300 of 1914, § 1, p. 612:
“Fourth, at any time after the answer is filed, the plaintiff may by rule submit to the court the question of his right to a judgment upon the petition and answer. For the purpose of the trial of such rule all material allegations .of fact contained in the petition and not denied in the answer, and all allegations of fact contained in the answer, shall be deemed and taken as true: Provided, however.”
Then follow provisions in regard to cases in which there are demands in warranty, interventions, or third oppositions, which are irrelevant here, after which the text continues:
“If, upon the consideration of the petition and answer as above provided, the court shall he of the opinion that the plaintiff is entitled to a judgment, it shall proceed to render and sign such judgment in the same manner and form and with the same effect as if a trial had been had upon evidence regularly adduced, and such judgment shall constitute for all purposes a definitive judgment,” etc.
Plaintiff alleges and. defendant admits that they hold the described property in common, and the law declares that, unless the contrary has been agreed, any one so situated may demand that a division of the ownership be effected by the action of partition. Plaintiff has brought that action. Has defendant alleged any agreement that there should be no partition, or no partition until all the oil or gas that may be produced under the leases in question shall have been produced and sold and the proceeds divided? We do not find it so. The allegations of the answer, as we interpret them, mean that it -was defendant’s idea, or, at most, the idea of both plaintiff and defendant, in acquiring the undivided ownership of the leases in question, that they I should share the proceeds of the sale of whatever oil and gas might be found, in the proportions of their respective interests in the leases, so long as they continued to occupy the relations of owners in indivisión. Such an idea, if not understanding, might perhaps be presumed as a natural and legal result of the establishment of such relation; but it cannot be deduced therefrom that either of them intended to. deprive himself of the right to terminate that relation whenever he should find it to his interest to do so. They must be presumed to have known that, under the law, neither of them could be compelled to hold the leases in common, -even though they had so acquired them, unless it urns so specifically agreed and, as we have stated, no such agreement is alleged, nor is anything alleged from which an agreement might be inferred. We therefore conclude that plaintiff is entitled to a partition.
[1] The remaining question then, is as to the manner of the partition. The law declares that—
“Where the property is indivisible by its nature, or when it cannot be conveniently divided, the judge shall order, at the instance of any one of the heirs [or other owner in indivisión], on proof of either of these facts, that it be sold at public auction.” C. C. art. 1339.
One is not, however, required to prove (as against another who is sui juris) that which is admitted, or, in cases such as this, that which is alleged by the plaintiff and is not denied by defendant. And plaintiff herein alleges “that the said mineral leases in their nature are not susceptible of partition in kind,” and defendant does not deny that allegation. Moreover, it has been held by this court, upon abundant authority, that land known to have oil or gas under its surface is not properly susceptible of- partition in kind, and that a petition praying for such partition discloses no cause of action. Gulf Refining Co. v. Hayne, 138 La. 555, 558, 70 South. 509. Conceding (arguendo) that the *483 judge is vested with some discretion, in the matter of the time at which a sale to effect a partition should be ordered, the obligation clearly rests upon the party opposing the sale to allege and prove some definite condition by reason of which it would be unjust to him to have it made at the time prayed for by the other party, or proposed by the judge. In this case defendant alleges:
“That it is impracticable, at this time, to partition the property located in said section 25, * * * either in kind or by lieitation, in that, in selling said property at public auction, he will thereby be forced to sacrifice his interest in the oil produced therefrom; * * * that,'in the event the court orders a partition, then in that event a partition in kind would produce less injury to defendant than one by lieitation, and that the demands of plaintiff for a partition, at least, should be held in suspense until plaintiff and defendant have divided the oil which said property may produce, in conformity with the object and purpose of said leases,” etc.
And that is the alternative prayer of the answer. There is no suggestion of a reason why the sale of the leases should be more prejudicial to defendant than to plaintiff, or more prejudicial at this time than later; and defendant’s objection to the partition rests, in the last analysis, upon the ground that it will better subserve his interest if there be no partition until all the oil to be expected from section 25 shall have been produced, sold, and the proceeds divided; and how long that may be defendant does not say, and probably does not know; nor does he say, or probably know, that oil will not be discovered on other tracts, which are covered by the leases here sought to be partitioned, in which event, the same argument would be applicable; and a contract whereby two persons have acquired property in division, with no stipulation as to the time during which they should hold in that way, would be given the effect of a contract in which they had agreed so to hold it for an indefinite period, which might extend beyond that of their lives — an interpretation in direct contravention of the law of the state.
The judgment appealed from is accordingly affirmed.'