| | | |
|---|---|---|
| **COASTAL FIRE PROTECTION, L.L.C.** | * | **NO. 2025-CA-0215** |
| | * | **COURT OF APPEAL** |
| **VERSUS** | | |
| | * | **FOURTH CIRCUIT** |
| **CUSTOM DRYWALL & PAINTING, L.L.C. AND TSM INVESTMENTS, L.L.C.** | * | **STATE OF LOUISIANA** |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-08521, DIVISION "D"
Honorable Monique E. Barial, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Sandra Cabrina Jenkins, Judge Tiffany Gautier Chase, Judge Dale N. Atkins)


David C. Clement
Leslie J. Hill
CLEMENT & ASSOCIATES
650 Poydras Street, Suite 2828
New Orleans, LA 70130

     COUNSEL FOR PLAINTIFF/APPELLEE


David W. Nance
DAVID W. NANCE LAW FIRM, LLC
3912 Constance Street
New Orleans, LA 70115

     COUNSEL FOR DEFENDANT/APPELLANT


                      **AFFIRMED**
             **SEPTEMBER 16, 2025**

SCJ
TGC
DNA

This matter arises from the non-payment of an invoice for a construction project. Custom Drywall & Painting, L.L.C. ("Custom") appeals the trial court's December 12, 2024 judgment, which granted Coastal Fire Protection, L.L.C.'s ("Coastal") motion for summary judgment and cast Custom in judgment, solidarily with TSM Investments, L.L.C. ("TSM") in the amount of $13,559.28 plus legal interest and ordered reimbursement of costs and expenses incurred by Coastal for filing and recording its lien. The judgment further awarded Coastal statutory misapplication penalties under La. R.S. 9:4856 and reasonable attorney's fees and costs pursuant to La. R.S. 9:4856 and La. R.S. 9:2781. For the reasons to follow, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

---

[1]On June 2, 2025, the Court issued an order consolidating this appeal with *Coastal Fire Prot. v. Custom Drywall & Painting, L.L.C. and TSM Inv., L.L.C.*, 2025-0081 (La. App. 4 Cir. --/--

1

TSM owned a construction project located at 606 and 608 Harrison Avenue in New Orleans. TSM contracted with Custom to serve as the general contractor for the project. On November 25, 2019, Coastal submitted a proposal to Custom to perform work on a fire sprinkler system for the project. Coastal's price for the work was $56,925.00. On December 10, 2019, Custom accepted Coastal's proposal and issued a Notice to Proceed.

Thereafter, on September 13, 2022, Coastal filed a petition against Custom and TSM. Coastal alleged that it satisfactorily performed its obligations under the contract, however, $13,599.28 was still owed for the work performed. Coastal further alleged that as a result of non-payment of the invoice, it filed a lien, a Statement of Claim and/or Privilege in connection with the project in the Orleans Parish land records and in accordance with the Louisiana Private Works Act.[2] Coastal asserted that the lien was sent to TSM and Custom with a written demand

---

/2025), --So.3d--. The consolidated matters were submitted to this Court on July 9, 2025. After submission, upon further consideration, this Court ordered that the appeals be unconsolidated to address the issues presented in each with more precision and clarity.

[2] The Louisiana Private Works Act provides a means for contractors and others to recover the costs of labor and/or materials from a party with whom there is no contract. La. R.S. 9:4801 *et seq.* This Court in *Byron Montz, Inc. v. Conco Const. Inc.*, 2002-0195, p. 6 (La. App. 4 Cir. 7/24/02), 824 So.2d 498, 502 explained the following rights a subcontractor is afforded under the Private Works Act:

> The Private Works Act was enacted to facilitate construction of improvements on immovable property and does so by granting to subcontractors, among others, two rights to facilitate recovery of the costs of their work from the owner with whom they lack privity of contract. The first right is a statutory "claim"—the right to personally sue the owner for the amount that is owed—that is provided by La. R.S. 9:4802(A)(1); particularly, this statute provides that subcontractors have a claim against the owner and a claim against the contractor to secure payment of the price of their work. The second right is the privilege provided by La. R.S. 9:4802(B), which states that "[t]he claims against the owner [under this Section] shall be secured by a privilege on the immovable on which the work is performed.

for payment. TSM and Custom filed an answer and reconventional demand on October 27, 2022.[3]

On June 7, 2023, Coastal moved for summary judgment, asserting that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law against defendants in the amount of $13,559.28, plus legal interest from the date of demand, July 1, 2022, until paid and for reimbursement of the costs and expenses incurred by Coastal for filing and recording its lien in the amount of $135.00.

On September 13, 2023, TSM and Custom filed exceptions of no cause of action, no right of action, and prescription. On the same date, TSM and Custom filed a motion to withdraw matters deemed admitted. The hearing on Coastal's motion for summary judgment was held on September 15, 2023, at which the trial court granted the motion. Shortly thereafter, TSM and Custom filed a motion for new trial or to vacate and set aside judgment, with regard to the trial court's September 15, 2023 judgment.

The trial court held a hearing on TSM and Custom's exceptions and motion to withdraw matters deemed admitted on December 8, 2023. On January 9, 2024, the trial court signed a judgment sustaining TSM and Custom's exception of no cause of action and ordered Coastal to supplement and amend its petition. The trial court also vacated and set aside the September 15, 2023 judgment that had granted Coastal's motion for summary judgment, stating in its reasons for judgment that

_____
[3] TSM and Custom jointly filed a majority of their pleadings.

the exceptions should have been considered before the motion for summary judgment. Coastal filed an application for supervisory writ. This Court granted the writ, reversed in part and affirmed in part the January 9, 2024 judgment. Specifically, this Court affirmed the trial court's judgment vacating its prior grant of the motion for summary judgment and reversed the trial court's grant of the peremptory exception of no cause of action. *Coastal Fire Prot., L.L.C. v. Custom Drywall & Painting LLC*, 2024-0066 (La. App. 4 Cir. 3/13/24), 390 So.3d 278, *writ denied*, 2024-00433 (La. 6/25/24), 386 So.3d 1084.

Thereafter, on February 9, 2024, Coastal filed its first amended and supplemental petition. On August 16, 2024, Coastal moved for summary judgment against TSM and Custom. On October 1, 2024, Coastal moved to withdraw its first amended and supplemental petition. The trial court granted the motion on October 2, 2024.

The hearing for the motion for summary judgment was set for October 11, 2024. Thereafter, TSM and Custom filed a motion to continue the October 11, 2024 hearing.[4] Coastal opposed the motion to continue. The trial court held a hearing on the motion to continue on October 11, 2024. The trial court denied TSM's motion to continue, and signed a judgment to that effect on October 14,

---

[4] On September 27, 2024, Tracie Medus, the sole member of TSM filed a motion to continue the October 11, 2024 summary judgment hearing. In response, Coastal moved to strike the motion to continue, asserting that Ms. Medus is not licensed to practice law in Louisiana and cannot file pleadings on behalf of TSM. Ms. Medus's motion to continue was withdrawn.

4

2024. [5] On the same date, the trial court signed an order resetting the hearing on Coastal's motion for summary judgment as to the claims against Custom.

Thereafter, on October 30, 2024, Custom filed an opposition to the motion for summary judgment. On November 11, 2024, Custom moved for judgment on the pleadings, arguing that because Coastal filed a motion to withdraw its first amended and supplemental petition, Coastal's claims should be dismissed. The trial court denied the motion for judgment on the pleadings.

On December 4, 2024, the trial court held a hearing on Coastal's motion for summary judgment as it relates to its claims against Custom. On December 12, 2024, the trial court signed the following judgment:

> **IT IS ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment filed by Plaintiff, Coastal Fire Protection, L.L.C, for its claims against Defendant, Custom Drywall & Painting LLC is hereby **GRANTED**.
>
> **ITS IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, Custom Drywall & Painting LLC, is hereby cast in judgment solidarily with Defendant TSM Investments, LLC for the same principal amount, legal interest, and cost of recording a lien awarded in this court's judgment as to TSM Investments, LLC dated October 11, 2024. As of today, those amounts are as follows: 1) in the amount of $13,559.28 for work performed by Plaintiff, plus legal interest from the date of demand of July 1, 2022 through today in the amount of $2,225.81 continuing to accrue in the amount of $3.25 daily until the judgment is paid; and, 2) for reimbursement of the costs and expenses incurred by Plaintiff for filing and recording its lien in the amount of $135.00.

---

[5] The hearing on Coastal's motion for summary judgment was held on October 11, 2024 against TSM. On October 14, 2024, the trial court signed a judgment granting Coastal's motion for summary judgment and casting TSM in judgment for the amount of $13,559.28 plus legal interest from July 1, 2022 to October 11, 2024, in the amount of $2,046.99. The trial court further ordered reimbursement of the costs and expenses incurred by plaintiff for filing and recording its lien in the amount of $135. The trial court recognized the validity of the lien and directed the Sheriff to execute the lien and sell the immovable property to satisfy the judgment. TSM appealed the judgment.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, Custom Drywall & Painting LLC, is hereby cast in judgment: 1) in the amount of $13,559.28 for statutory misapplication penalties under La. R.S. 9:4856; and, 4) for reasonable attorney's fees and costs in the amount of $38,607.83 pursuant to La. R.S. 9:4856 and La. R.S. 9:2781.

This appeal timely followed.

## DISCUSSION

Custom assigns five errors, however, we narrow our discussion to three issues: 1) whether the trial court erred in denying Custom's motion to withdraw matters deemed admitted; 2) whether the trial court erred in denying its motion for judgment on the pleadings; 3) whether the trial court erred in granting Coastal's motion for summary judgment.[6] We begin our discussion by addressing Custom's motion to withdraw matters deemed admitted.

### *Motion to Withdraw Matters Deemed Admitted*

Custom asserts the trial court erred when it denied its motion to withdraw matters deemed admitted. Custom provides that its late responses were filed with its motion to withdraw matters deemed admitted, more than a year before the filing of Coastal's motion for summary judgment. Custom argues that Coastal's counsel was obligated to confirm that its former counsel was in receipt of the requests for admission but failed to do so. Custom further argues that the deemed admissions were controverted in its verified answer and reconventional demand.

---

[6] Custom's five assignments of error are: 1) the trial court erred in denying its motion to withdraw matters deemed admitted; 2) the trial court erred in denying its motion for judgment on the pleadings; 3) the trial court erred in allowing Coastal to ignore the defendants' pending and verified answer and reconventional demand and late filed responses to requests for admissions; 4) the trial court erred in misinterpreting La. C.C.P. art. 966; and 5) the trial court erred in granting Coastal's motion for summary judgment.

6

Custom relies on this Court's decision in *Indulge Island Grill, L.L.C. v. Island Grill, L.L.C., et al.*, 2016-1133 (La. App. 4 Cir. 5/10/17), 220 So.3d 154 and the court's decision in *Hill v. TMR Expl., Inc.*, 2022-0037 (La. App. 1 Cir. 10/4/22), 353 So.3d 823, in support of its arguments. In *Indulge Island Grill, L.L.C.*, this Court addressed the trial court's acceptance of deemed admissions after the defendant failed to timely respond to the plaintiff's requests for admission. This Court provided:

> The jurisprudence, however, has tempered the harsh penalty of automatic deemed admissions by holding that a "matter will not be deemed admitted if the party against whom the admission is sought controverts the matter in some other manner, such as by exception or answer." 1 Frank L. Maraist, LA. CIV. L. TREATISE, CIVIL PROCEDURE § 9:8 (2d ed. 2016) ("*Maraist*"); *Phelps Dunbar, L.L.P. v. Stout*, [20]04-0785, p. 7 (La.App. 4 Cir. 6/15/05), 914 So.2d 44, 49 (citing and explaining the jurisprudence holding that a matter should not be deemed admitted when the party against whom the admission is sought has "denied the contested facts in other pleadings."). Thus, when the record reflects the party against whom the admission is sought is controverting a matter, "he or she should not be deemed to admit it merely because of a failure to respond within the prescribed time frame." *Maraist*, § 9:8, n. 30.

*Indulge Island Grill, L.L.C.*, 2016-1133, p. 14, 220 So.3d at 163. This Court further held that "the granting of summary judgment based solely on deemed admissions, 'in the face of plain assertions disputing the alleged fact,' is 'too drastic a sanction to impose for failure to respond to a requested admission of fact.'" *Id*, 2016-1133, p. 15, 220 So.3d at 164 (quoting *Hoskins v. Caplis*, 431 So.2d 846, 849 (La. App. 2d Cir. 1983).

In *Hill*, the court considered whether the trial court erred in granting defendant's motion for summary judgment in light of the defendant's unanswered requests for admission that was deemed admitted and the defendant's interrogatory

7

responses. The plaintiffs propounded requests for admission to the defendant. The defendant failed to respond to the requests for admission and the plaintiffs sought to have the requests deemed admitted. *Hill*, 2022-0037, p. 4, 353 So.3d at 826. The defendant later moved for summary judgment. The plaintiffs opposed the summary judgment, arguing that to the extent the defendant's unanswered requests for admission were deemed admitted, the requests and the defendant's interrogatory responses were competing admissions, which created a genuine issue of material fact. *Id.*, 2022-0037, p. 6, 353 So.3d at 827. The court held that as a result of the defendant not serving the requesting party with a written objection to the requests for admission, the requests were deemed admitted. *Id.*, 2022-0037, p. 7, 353 So.3d at 829. The court reasoned:

> As noted, [Defendant's] unanswered requests for admission affirmatively establish that [Defendant] "possessed information and knowledge that the toe of the well was located beneath Plaintiffs' property prior to being designated as Operator of the well." The parties do not dispute that [Defendant] became operator of the well ... Conversely, [Defendant's] interrogatory responses establish that it first became aware that the bottom hole of the well was located beneath the [Plaintiffs'] property. . . Since evidence may not be weighed and such conflicts may not be resolved on summary judgment, we agree with the [Plaintiffs] that the trial court erred by giving "preference" to [Defendant's] unanswered requests for admissions. [Defendant's] interrogatory responses and the requests for admission create a genuine issue of material fact concerning when [Defendant] became aware that the bottom hole of the well was beneath the [Plaintiffs'] property.

*Id.*, 2022-0037, p. 10, 353 So.3d at 830.

We find that *Indulge Island Grill, L.L.C.* and *Hill* are distinguishable. In contrast to the present case, the plaintiff in *Indulge Island Grill, L.L.C.* filed an affidavit and requests for admission in support of its motion for summary judgment to demonstrate the defendant's intent. 2016-1133, p. 10, 220 So.3d at 161. This Court found that the affidavit was insufficient to establish defendant's intent to

8

abandon the premises, and the deemed admissions were controverted by the defendant's verified reconventional demand. Furthermore, the *Indulge Island Grill, L.L.C.* court applied the former version of La. C.C.P. art. 966 prior to the current amendment.[7] Unlike the former version of Article 966 that is relied on in *Indulge Island Grill, L.L.C.*, the current article has mandatory filing deadlines as well as limitations to what documents may be filed or referenced in support of or in opposition to a motion for summary judgment. *See* La. C.C.P. art. 966. As it will be explained further in this opinion, the deemed admissions were not the sole basis for the trial court's grant of Coastal's motion for summary judgment.

Moreover, *Hill* is distinguishable from the present matter as well. In *Hill*, opposition evidence was introduced to challenge what the moving party considered to be deemed admissions. Although Custom opposed the motion for summary judgment, it failed to introduce evidence in opposition to the motion. Additionally, the *Hill* court determined that summary judgment was not appropriate, not because of the requests for admission should not have been deemed admitted, but because the trial court improperly weighed the evidence.

Louisiana Code of Civil Procedure article 1466 provides in relevant part that "[a] party may serve upon any other party a written request for the admission . . . of the truth of any relevant matters of fact . . . ." Moreover, pursuant to Article 1467, a matter is deemed admitted if the party to whom the request is directed does not respond within thirty days after service of the request. La. C.C.P. art. 1467(A). Any matter deemed admitted pursuant to Article 1467 is conclusively established

---

[7] In *Indulge Island Grill, L.L.C. v. Island Grill, L.L.C., et al.*, 2016-1133 (La. App. 4 Cir. 5/10/17), 220 So.3d 154, this Court applied the version of La. C.C.P. art. 966 that was effective August 1, 2014 to December 31, 2015.

unless the court, on motion, permits withdrawal or amendment of the admission. La. C.C.P. art. 1468.

"[T]he court may permit withdrawal [of an admission] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal [of the admission] will prejudice him in maintaining his action or defense on the merits." *Id.* Additionally, "Louisiana courts have allowed late-filed denials to requests for admissions to constitute requests for withdrawal of those admissions, even if the responses were extremely late and were not presented to the court by a motion to withdraw or amend the admissions." *Duckworth v. Curole*, 2023-0611, p. 5 (La. App. 1 Cir. 4/19/24), 389 So.3d 832, 836, *on reh'g*, 2023-0611 (La. App. 1 Cir. 12/11/24), 404 So.3d 831. "It is within the trial court's discretion to determine whether to allow the withdrawal of the admission." *Apache Corp. v. Talen's Marine & Fuel, LLC*, 2017-0714, p. 6 (La. App. 1 Cir. 2/7/18), 242 So.3d 619, 623.

Here, on March 21, 2023, Coastal propounded requests for admissions on Custom via email to Custom's former counsel. Thereafter, having received no reply, Coastal moved for summary judgment on June 7, 2023. On September 13, 2023, two days before the hearing on Coastal's motion for summary judgment, Custom filed a motion to withdraw matters deemed admitted. Subsequent to a hearing on the motion to withdraw matters deemed admitted, on September 15, 2023, the trial court denied Custom's motion in open court, and signed a judgment to that effect on September 21, 2023.

While Custom argues that Coastal failed to confirm that it received the requests for admission, the record reflects otherwise. Coastal provided confirmation that discovery requests were sent to Custom's former counsel.

10

Custom failed to provide explanation as to why withdrawal of admissions was sought only two days before the September 15, 2023 hearing on Coastal's motion for summary judgment. Therefore, given the dilatory manner in which Custom responded to Coastal's requests for admissions, over five months after they were propounded and only two days prior to the hearing on the motion for summary judgment, we do not find that the trial court abused its discretion in denying Custom's motion to withdraw admissions.

### *Judgment on the Pleadings*

Custom argues that the trial court erred in denying the motion for judgment on the pleadings because Coastal voluntarily withdrew its first amended and supplemental petition. Custom argues that Coastal's first amended and supplemental petition was intended to be the operative petition by replacing the September 13, 2022 petition and Coastal voluntarily dismissed all of its causes of action by withdrawing the pleading.

"A motion for judgment on the pleading presents solely a question of law." *Hotard v. Hotard*, 2024-0441, p. 4 (La. App. 4 Cir. 12/13/24), 407 So.3d 677, 680 (citing *Stonebridge Development, LLC v. Stonebridge Enterprises, LLC*, 42,039 (La. App. 4 Cir. 4/4/07), 954 So.2d 893, 896). "Questions of law are subject to *de novo* standard of review." *Treas v. Koerner*, 2019-0390, pp. 11-12 (La. App. 4 Cir. 11/13/19), 364 So.3d 55, 63 (citing *Daigre v. Int'l Truck and Engine Corp.*, 2010-1379, p. 10 (La. App. 4 Cir. 5/5/11), 67 So.3d 504, 510).

Louisiana Code of Civil Procedure article 965 provides:

Any party may move for judgment on the pleadings after the answer is filed, or if an incidental demand has been instituted after the answer thereto has been filed, but within such time as not to delay the trial. For the purposes of this motion, all allegations of fact in mover's pleadings not denied by the adverse party or by effect of law, and all

11

allegations of fact in the adverse party's pleadings shall be considered true.

Here, Coastal withdrew its first amended and supplemental petition after this Court's March 13, 2024 decision that found that its original petition stated a viable cause of action, thus, reversing the trial court's grant of the peremptory exception of no cause of action. *See Coastal Fire Prot., L.L.C.*, 2024-0066, 390 So.3d at 278. When an amended and supplemental petition is properly filed, its withdrawal does not automatically dispose of the original petition unless specific procedural steps are taken. Moreover, "an amended pleading does not supersede the original pleading where it is evident that it is not designed as a substitute therefor or intended to take its place. . . ." *Santiago v. Tulane Univ. Hosp. & Clinic*, 2012-1095, p. 16 (La. App. 4 Cir. 4/24/13), 115 So.3d 675, 686 (quoting *Coleman's Heirs v. Holmes' Heirs*, 147 So.2d 752, 754 (La. Ct. App. 1962)). Coastal provided in its supplemental and amended petition that it "reasserts and reavers all the allegations contained in its original Petition" and added an additional paragraph to the original petition. As such, the language in Coastal's supplemental and amended petition preserved its original petition.

Additionally, as referenced in La. C.C.P. art. 965, a party may move for judgment of the pleadings after an answer has been filed. Here, Custom concedes that it did not file an answer to Coastal's supplemental and amended petition. Therefore, the trial court did not err in denying Custom's motion for judgment on the pleadings.

***Motion for Summary Judgment***

Lastly, Custom argues that the trial court misinterpreted La. C.C.P. art. 966 when it concluded it could not consider late filed pleadings and admissions that

12

were previously filed into the court record. Custom further argues that Coastal failed to meet its burden of proof on the motion for summary judgment because Coastal did not prove all elements of its claim and failed to address the verified answer and reconventional demand.

An appellate court reviews the grant or denial of a summary judgment motion *de novo,* using the same standard employed by the trial court in deciding the merits of the motion; accordingly, an appellate court need not accord deference to the facts and evidence as analyzed by the trial court or its reasons for judgment. *See Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980 (citations omitted). The summary judgment procedure is favored and "designed to secure the just, speedy, and inexpensive determination of every action . . . ." La. C.C.P. art. 966(A)(2). Its intended purpose is to "pierce the pleadings and to assess the proof in order to see whether there exists a genuine need for trial." *See Cutrone v. English Turn Prop. Owners Ass'n, Inc.*, 2019-0896, p. 7 (La. App. 4 Cir. 3/4/20), 293 So.3d 1209, 1214 (quoting *Bridgewater v. New Orleans Reg'l Transit Auth.*, 2015-0922, p. 4 (La. App. 4 Cir. 3/9/16), 190 So.3d 408, 411). "[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). The mover's burden of proof in a motion for summary judgment is governed by La. C.C.P. art. 966(D)(1):

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the

adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Louisiana Code of Civil Procedure art. 967(B) further provides:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

Here, Coastal argued in its motion for summary judgment that there is no genuine issue of material fact that: 1) it timely filed a valid lien under the Louisiana Private Works Act;[8] 2) Custom and Coastal entered into an agreement for Coastal to perform certain fire protection work for the project and it is owed $13,559.28 for the work it performed; 3) Custom misapplied the payment of $13,559.28 it received from TSM for the work performed and invoiced by Coastal, and,[9] 4) Custom violated Louisiana's Open Account Statute by failing to pay the $13,559.28 owed to Coastal after demand for payment.[10]

_____

[8] The procedure for preserving a privilege granted under the Private Works Act is set forth in La. R.S. 9:4822:

A. Except as otherwise provided in Subsections B, C, and D of this Section, a person granted a privilege under R.S. 9:4801 or a claim and privilege under R.S. 9:4802 shall file a statement of his claim or privilege no later than sixty days after:
(1) The filing of a notice of termination of the work.
(2) The substantial completion or abandonment of the work, if a notice of termination is not filed.

[9] La. R.S. 9:4856(A) provides:

No contractor, subcontractor, or agent of a contractor or subcontractor, who has received money on account of a contract for the construction, erection, or repair of a building, structure, or other improvement, including contracts and mortgages for interim financing, shall knowingly fail to apply the money received as necessary to settle claims to sellers of movables or laborers due for the construction or under the contract. Any seller of movables or laborer whose claims have not been settled may file an action for the amount due, including reasonable attorney fees and court costs, and for civil penalties as provided in this Section.

[10] La. R.S. 9:2781(A) provides:

To support its motion for summary judgment, Coastal attached numerous exhibits, namely: its petition; requests for admissions; its second set of requests for admissions; its lien; land records; receipt for lien filing costs; the notice of lien sent to TSM and Custom on July 1, 2022; the notice of lis pendens; emails to counsel for TSM and Custom submitting Coastal's requests for admissions on March 21, 2023 and June 1, 2023; TSM and Custom's September 13, 2023 motion to withdraw matters deemed admitted wherein counsel for TSM and Custom provided that he received Coastal's requests for admissions on or about June 7, 2023; legal fee invoices; City of New Orleans certificate of occupancy and completion issued on August 16, 2023; and affidavits of Leslie J. Hill and Mark Sanderson.

Leslie J. Hill, an associate attorney at Clement & Associates, Counsels at Law, L.L.C., attested that the firm represents Coastal. Ms. Hill further attested that on March 21, 2023, she emailed the requests for admissions to TSM and Custom's counsel of record, Gregory Swafford and copied her co-counsel, David C. Clement, and she did not receive any notification that the email was not delivered. Ms. Hill indicated in her affidavit that she did not receive any responses to the requests for admissions by April 20, 2023. Moreover, Ms. Hill provided that she

When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

emailed the second requests for admissions propounded on TSM and Custom to Mr. Swafford on October 13, 2023, and she never received a response.

Mark Sanderson, the general manager of Coastal attested that on November 25, 2019, Coastal submitted a proposal to Custom to perform the NFPA 13R wet-pipe sprinkler system and the proposal was accepted by Custom on December 10, 2019. Mr. Sanderson provided that Coastal performed all work pursuant to the proposal and submitted six invoices to Custom for the work performed pursuant to the proposal. Mr. Sanderson attested that Coastal did not receive payment for invoice 29469 in the amount of $13,599.28 and thereafter, on July 1, 2022, Coastal filed its Statement of Claim or Privilege into the land records of Orleans Parish.

We find that Coastal presented sufficient evidence and testimony to carry its burden of proof at trial. As such, the burden has shifted to Custom. While Custom filed an opposition to Coastal's motion for summary judgment, it did not produce factual support through the use of supporting documents to show the existence of a genuine issue of material fact. Pursuant to La. C.C.P. art. 966(D)(1), "[t]he burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law."

Custom's argument that the trial court should have considered late copies of documents previously filed into the record is misplaced. Louisiana Code of Civil Procedure art. 966 provides:

> (A)(4)(a) The only documents that may be filed or referenced in support of or in opposition to the motion are pleadings, memoranda,

affidavits, depositions, answers to interrogatories, certified medical records, certified copies of public documents or public records, certified copies of insurance policies, authentic acts, private acts duly acknowledged, promissory notes and assignments thereof, written stipulations, and admissions. The court may permit documents to be filed in any electronically stored format authorized by court rules or approved by the clerk of the court.

(b) Any document listed in Subsubparagraph (a) of this Subparagraph previously filed into the record of the cause may be specifically referenced and considered in support of or in opposition to a motion for summary judgment by listing with the motion or opposition the document by title and date of filing. The party shall concurrently with the filing of the motion or opposition furnish to the court and the opposing party a copy of the entire document with the pertinent part designated and the filing information.

Custom's memorandum in opposition to the motion for summary judgment and list of material facts disputed reference its reconventional demand and responses to the requests for admission; however, Custom failed to comply with Article 966(A)(4)(b). Custom did not list with its opposition the documents by title and date of filing, and it failed to furnish the court and opposing party with a copy of the entire document.

Moreover, Custom's argument that Coastal ignored its verified answer and reconventional demand is without merit. In light of Custom's failure to comply with Article 966(A)(4)(b), its answer and reconventional demand was not provided to establish the existence of a genuine issue of material fact. Furthermore, Custom could not rely on the mere allegations or denials of its pleading to show that there is a genuine issue for trial. *See* La. C.C.P. art. 967(B).

Based on our review of the record, we find that Coastal met its burden in proving that it was a subcontractor on the project, that it performed work on the project that went unpaid, and that it timely filed a lien. Therefore, the trial court did

17

not err in determining that there is no genuine issue of material fact and that Coastal was entitled to summary judgment as a matter of law.

## CONCLUSION

For the foregoing reasons, the December 12, 2024 judgment, which granted Coastal's motion for summary judgment is affirmed.

**AFFIRMED**